353 So.2d 188 (1977)
Steven Leon BRADSHAW, Appellant,
v.
STATE of Florida, Appellee.
No. 77-143.
District Court of Appeal of Florida, Second District.
December 16, 1977.
Rehearing Denied January 12, 1978.
*189 Robert E. Jagger, Public Defender, Clearwater, and J. Marion Moorman, Sp. Asst. Public Defender, Winter Haven, for appellant.
Ronald M. Soskin, South Bend, Ind., for amicus curiae, Nat. Center for Law and the Handicapped.
Robert L. Shevin, Atty. Gen., Tallahassee, and Richard G. Pippinger, Asst. Atty. Gen., Tampa, for appellee.
SCHEB, Judge.
Here we consider whether the trial court erred in striking appellant's asserted defense of diminished mental capacity. We conclude that under Florida law there is no such defense and, therefore, the trial court acted properly. We affirm.
The state charged appellant with receiving and concealing stolen goods, i.e., motor vehicle inspection certificates, contrary to Section 811.16, Florida Statutes (1973). Appellant pled not guilty. Defense counsel contended appellant's mental age was considerably lower than his chronological age of twenty-three years. Over the state's objection the trial judge transferred the case to the juvenile division of the circuit court for disposition. Upon appeal by the state this court reversed, noting that Section 39.02, Florida Statutes (1973), and the Rules of Juvenile Procedure do not authorize trial of a person over eighteen years of age as a juvenile. State v. Bradshaw, 337 So.2d 1032 (Fla. 2d DCA 1976).
Thereafter appellant filed: (1) Notice of Intention to Rely Upon the Defense of Diminished Mental Capacity; and (2) Motion to have the Court Appoint a Psychologist to Evaluate Appellant's Mental Condition. The trial court struck the defense and denied the motion to appoint an expert. Appellant then pled nolo contendere on November 6, 1976, reserving his right to appeal. The trial court withheld adjudication of guilt and placed appellant on probation for one year. This appeal ensued.
Appellant forcefully argues that he was charged with a specific intent crime and that mental retardation or lack of mental capacity goes to the very heart of such an offense. He points out that an individual may not be capable of forming a specific intent to commit a crime because of his diminished capacity, but yet may not be considered insane. Appellant concludes that without the defense of diminished mental capacity being available to him, the jury could not have properly considered whether he had the requisite specific intent necessary for conviction of the crime for which he was charged. We disagree.
The offense of receiving stolen goods is a variant of the crime of larceny *190 and appears to be a specific intent crime. Therefore, it is incumbent upon the state to prove not only the act but also the specific intent, since each element of a criminal offense must be proven beyond a reasonable doubt. Newman v. State, 174 So.2d 479 (Fla. 2d DCA 1965). A defendant's plea of not guilty places his intent in issue, thus one charged with a specific intent crime has the right to present evidence before the finder of fact relative to the issues of knowledge or intent. Therefore, lay testimony going to a defendant's lack of specific intent may be admitted. However, it is improper, absent a plea of insanity, for the defendant to introduce expert testimony for this purpose. Tremain v. State, 336 So.2d 705 (Fla. 4th DCA 1976).
In Florida the test of mental capacity is the ability to distinguish between right and wrong, rather than a person's intelligence or general mental capacity. Young v. State, 140 So.2d 97 (Fla. 1962). See also Camp v. State, 149 So.2d 367 (Fla. 2d DCA 1963). Florida courts have rejected the concept of diminished responsibility as a defense to criminal conduct, unless framed within the defense of insanity. Tremain v. State, supra. Here appellant did not choose to tender a defense of insanity and made no showing of being incapable of distinguishing right from wrong. Since retardation or diminished mental capacity does not insulate a defendant from criminal responsibility, the trial court did not err in striking the asserted defense.[1] For courts to allow the proffered defense might open the door to evasion of criminal responsibility by those who know right from wrong. The trial court therefore correctly rejected the proffered defense and appellant's request to appoint an expert psychologist to support that defense.
Affirmed.
HOBSON, A.C.J., and GRIMES, J., concur.
NOTES
[1] The state acknowledges and we agree that in extreme cases mental retardation could support a defense of insanity. The standard jury instruction for insanity has been recently modified by the supreme court in In Re Standard Jury Instructions, 327 So.2d 6 (Fla. 1976), to read in part as follows:

If at the time of an alleged crime a defendant was by reason of mental infirmity, disease or defect unable to understand the nature and quality of his act or its consequences or, if he did understand it, was incapable of distinguishing that which is right from that which is wrong, he was legally insane and should be found not guilty by reason of insanity. (Emphasis added.)
In commenting upon this new instruction, the supreme court in Wheeler v. State, 344 So.2d 244 (Fla. 1977) noted that it had adopted the "disease or defect" portion of the American Law Institute's Model Penal Code, but had rejected the "irresistible impulse" portion of the same Code.