361 So.2d 692 (1978)
STATE of Florida, Petitioner,
v.
Emanuel BUCHMAN et al., Respondents.
No. 51313.
Supreme Court of Florida.
May 25, 1978.
Rehearing Denied September 11, 1978.
*693 Robert L. Shevin, Atty. Gen., Tallahassee, Richard E. Gerstein, State's Atty., and Milton Robbins, Asst. State's Atty., Miami, for petitioner.
Don S. Cohn, of Law Offices of Max P. Engel, Miami, for respondents.
BOYD, Justice.
This case presents two questions. The first is whether a defendant is denied due process of law because the state, in prosecuting him for the crime of selling an unregistered security, is free from charging and proving that either the transaction in which the sale was set, or the type of security, itself, does not operate to exempt the seller from the requirement that the security be registered before it is sold. The second is whether the privilege against compulsory self-incrimination is lost because the defendant, in a prosecution for criminal sale of an unregistered security, has the burden of proving exempt the security or the transaction, if, in fact, either is exempt. In a Circuit Court interlocutory order the statutes which free the state of the charge and proof mentioned above and place on the defendant the burden described above, were declared unconstitutional because of infringement of due process rights and the privilege against self-incrimination. We have jurisdiction by certiorari since the cause would have been reviewable by direct appeal should the trial have ended in conviction.[1]
Two informations against Emanuel Buchman and Robert Horne were filed in the Dade County Circuit Court. Both charged Buchman and Horne with criminal sale of unregistered securities.[2] The first information alleged sale of thirty-four unregistered convertible debenture bonds of Financial Development Investment Corp., with a face value of $1,000 each, to Ada Tannen. The second alleged sale of two similar unregistered bonds to Irene A. Holpfer. Neither information charged that there were no exemptions, to which the sellers might be entitled, from the requirement that, before the securities be sold, they be registered. Buchman and Horne moved to dismiss the information because a Florida statute puts the burden of establishing the right to a statutory exemption on the party seeking its benefit. The two defendants claimed the statute violated their privilege against self-incrimination. Following a hearing, Judge Baker agreed that the statute was repugnant to constitutional guarantees.[3] Moreover, the judge found that the statute defining the offense violated the defendants' due process rights. But he did not dismiss the information. Instead, he allowed the prosecution to go forward, but, in order to cure both the self-incrimination *694 and due process problems, he ruled that the state would have the burden of proving that the sellers were not entitled to any statutory exemptions. His order, containing the ruling, was appealed to the District Court of Appeal, Third District. The court transferred the appeal to us because it is within this Court's jurisdiction by certiorari. We granted certiorari, briefs were filed and the parties were heard in oral argument.
The sale of securities in Florida is regulated by the "Sale of Securities Law," Chapter 517, Florida Statutes. Section 517.07, Florida Statutes, forbids the sale of unregistered securities in this State unless the securities are exempt or the transaction is exempt. Violation of the provision is a felony of the third degree.[4] Exempt securities are listed in Section 517.05, Florida Statutes. They are contained in ten subsections and include securities issued or guaranteed by the Federal Government, a state, or one of its political subdivisions; securities that appear in a list of securities dealt in on the New York, American, Chicago or Boston Stock Exchanges; and any security, other than common stock, providing for a fixed return, which has been outstanding and in the hands of the public for at least five years, upon which no default in payment of principle or failure to pay the return fixed, has occurred for a continuous immediately preceding five years. The exempted securities are too numerous for all to be mentioned here. But, it is fair to say that the Legislature exempted them from registration because of some measure of protection they offer the buyer. The same may be said of the exempt transactions. They are listed in Section 517.06, Florida Statutes, in eighteen subsections and include judicial sales, sales by a bankruptcy trustee, sale to a bank, and sale under a bona fide employer-sponsored pension. These, also, are too numerous for all to be mentioned.
Section 517.17, Florida Statutes,[5] provides that any of the exemptions need not be negatived in informations or indictments and that the burden of establishing the right to an exemption is on the party claiming its benefit (the defendant). Judge Baker, albeit to save the prosecution from constitutional infirmities, stood the statute on its head. In light of the extensiveness of the lists of exempt securities and transactions it is lawful and mandatory that a prosecutor be free from the burden of proving that the securities or the transaction is not exempt. If held to such a burden, the prosecutor's task would be close to impossible. Be that as it may, lifting the lead of the prosecutor is no answer to the claim that a constitutional right is violated.
The respondents (Buchman and Horne) characterize the lack of an exemption as an element of the offense of sale of an unregistered security, as defined in Section 517.07, Florida Statutes. If their characterization is correct then the statute plainly threatens denial of liberty without due process of law. For a prosecutor must prove every element of a criminal offense. The answer to the respondent's argument is a simple one. As a general rule, if there is an exception within the enacting clause defining a crime, the state must show that the defendant is not within the exception.[6] But, if the exception is in a subsequent clause, or a subsequent statute, that is a matter of defense, to be shown by the defendant. Without engaging in the mental gymnastics of what effect the lack of the exemption is to have, based on its placement in the statute, we choose to look to the Legislature's intent. We cannot divine from the statute the legislative intent that lack of an exemption is an element of the offense. In examining the statute we construe *695 it with Section 517.17, Florida Statutes. Our determination is that the lack of an exemption is not an element of the offense, rather the existence of an exemption is a defense available to the defendant. And, certainly, there is no due process problem with requiring that the defendant plead and prove a defense. We have discounted any such claim before.[7]
This construction clears up, too, any problem stemming from the privilege against self-incrimination. The respondents argue that their privilege includes the right to silence, as it certainly does. But that right has never been held to be violated by the availability of a defense, the assertion of which requires that the silence be broken. As was stated in Williams v. Florida, 399 U.S. 78, at 83, 84, 90 S.Ct. 1893, at 1897, 26 L.Ed.2d 446 (1970), where this State's "notice-of-alibi" rule, Rule 1.200, Fla.R.Crim.P., was upheld, in the face of a challenge under the privilege against compulsory self-incrimination,
The defendant in a criminal trial is frequently forced to testify himself and to call other witnesses in an effort to reduce the risk of conviction. When he presents his witnesses, he must reveal their identity and submit them to cross-examination which in itself may prove incriminating or which may furnish the State with leads to incriminating rebuttal evidence. That the defendant faces such a dilemma demanding a choice between complete silence and presenting a defense has never been thought an invasion of the privilege against compelled self-incrimination.
And this situation does not require the defense, as may be required under the "notice-of-alibi" rule, to furnish the prosecution before trial information that the defense may never use, itself, but which may prove valuable to the prosecution and even lead it to evidence on which, ultimately, a conviction may rest.[8] Surely, such an infringement is much greater than any that could be envisioned here.
The order of the Dade County Circuit Court is reversed and the cause is remanded for proceedings consistent with this opinion.
It is so ordered.
OVERTON, C.J., and ADKINS, ENGLAND and SUNDBERG, JJ., concur.
HATCHETT, J., dissents.
NOTES
[1] Art. V, § 3(b)(3), Fla. Const.
[2] They charged also that the sales took place when Buchman and Horne were not registered salesmen. This opinion does not concern the second charge.
[3] Fifth Amendment to the U.S.Const., Art. I., § 9, Fla. Const.
[4] § 517.302, Fla. Stat.
[5] Burden of proof.  It shall not be necessary to negative any of the exemptions provided in this part in any complaint, information, indictment, or any other writ or proceedings brought under this part, and the burden of establishing the right to any exemption shall be upon the party claiming the benefit of such exemption. Any person claiming the right to register any securities by coordination under § 517.08 shall also have the burden of establishing the right so to register such securities.
[6] Baeumal v. State, 26 Fla. 71, 7 So. 371 (1890).
[7] State v. Kahler, 232 So.2d 166 (Fla. 1970), and Butler v. Perry, 67 Fla. 405, 66 So. 150 (1914).
[8] See Williams v. Florida, 399 U.S. 78, at 106 (1970), Black, J. (concurring in part, dissenting in part).