414 So.2d 574 (1982)
Cedric SPEIGHTS, Appellant,
v.
STATE of Florida, Appellee.
No. AF-64.
District Court of Appeal of Florida, First District.
May 10, 1982.
Rehearing Denied June 10, 1982.
*575 Michael E. Allen, Public Defender, Steven L. Bolotin, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., Tallahassee, Harry M. Hipler, Asst. Atty. Gen., Jacksonville, for appellee.
ERVIN, Judge.
In affirming the appellant/defendant's conviction, explication of Sections 590.08 and 590.15, Florida Statutes (1979), is required by determining whether the crime of unlawfully burning wild lands includes, as an element, proof that the defendant burned lands that he did not own or control. We determine that the issue of ownership or control of the lands burned is not an element of the crime but is an affirmative defense.
Defendant and appellant Cedric Speights was observed setting a field on fire one evening at the old Imerson Airport in Jacksonville. An eyewitness to Speights' efforts at torching the field summoned firemen. Subsequently, the police arrested Speights, and he was charged with violation of Section 590.08,[1] which makes it unlawful to burn any forest or wild lands not owned or controlled by the person burning the land.
The appellant was positively identified at trial as the one who had torched the field. At the close of the state's case, the appellant's counsel moved for a judgment of acquittal based on the fact that the state had not proven all elements of the crime, more specifically that appellant did not own or control the land burned. The lower court relied on the state's argument in denying appellant's motion. The state cited Section 590.15,[2] which assigns the burden of *576 proof of showing the right or authority of a person to burn particular property to the defendant as an affirmative defense.[3]
The presentation of the parties' respective cases having been completed, over defense counsel's objection, the jury was instructed that the issue of ownership or control by the defendant of the land burned was one for the defendant to prove and that the state need not prove that the defendant did not own or control the property burned. Thereafter, the jury returned a guilty verdict.
On appeal Speights argues: (1) that the state did not prove an element of the crime requiring it to show that Speights did not own or control the land burned, and, (2) that the jury was improperly charged. The appellant contends that the lower court's failure to rule that the state was required to prove that he did not own or control the property acted to form a mandatory presumption that Speights did not in fact own or control the property. And, it is argued, such a mandatory presumption[4] results in an unconstitutional shifting of the burden of proof from the state to defendant in violation of Speights' Fourteenth Amendment United States Constitutional due process rights. See Sandstrom v. Montana, 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979).
The key question presented is whether proof of lack of ownership or control of the land burned is an element of the crime. If it is, then, the appellant's argument concerning a shifting of the burden of proof is merit worthy. However, our analysis reveals that this factor is not an element of the crime but an affirmative defense which a defendant may plead when he has been charged with a violation of Section 590.08, Florida Statutes. Although the foregoing section suggests that proof of lack of ownership or control of the land may be an element of the crime, Section 590.15, Florida Statutes, indicates that this factor is an affirmative defense. There is an apparent conflict between the two statutes. Application of the rules of statutory construction is necessary to ferret out the answer.
"It is a fundamental rule of statutory construction that legislative intent is the polestar by which the court must be guided, and this intent must be given effect even though it may contradict the strict letter of the statute." State v. Webb, 398 So.2d 820, 824 (Fla. 1981). One method to ascertain the legislative intent is by tracing the legislative history of an act, the evil to be corrected, and the purpose of an enactment. State ex rel. Register v. Safer, 368 So.2d 620, 624 (Fla. 1st DCA 1979). "In seeking legislative intent by tracing history of legislation, it is proper to consider acts passed at prior or subsequent sessions including those repealed, as well as those passed at the same session." Watson v. Holland, 155 Fla. 342, 20 So.2d 388, 393 (1944), cert. denied, 325 U.S. 839, 65 S.Ct. 1408, 89 L.Ed. 1965 (1945).
Examination of the history of this crime reveals that the crime was codified in three different forms; although the basic evil to be corrected and intent behind the law appear unchanged. The original law was codified in Chapter 2527, Laws of Florida *577 (1879),[5] and punished anyone who set fire to open and wild lands. No exception was made for cases wherein the owner of land burned his own property. The obvious intent of the law was to deter and punish any burning of wild property.
By 1927 legislators recognized the need to except the land owner or his lessee from the statutory proscription. See Ch. 12024, § 1, Laws of Fla. (1927).[6] Further reform of the provisions of this crime occurred in 1935 by virtue of an overhaul of numerous sections of the law that now form the bulk of Chapter 590, Florida Statutes. See Ch. 17029, Laws of Fla. (1935).[7]
Although the 1935 revision added numerous provisions to the law regarding forest protection, they are not applicable to the case at bar. The primary thrust of the law, as it impinges on the appellant's plight, was to clarify the operative provisions of the crime of burning wild lands. This may be observed from the timing and circumstances of the enactment in that they were formal only and acted as a vehicle for clarification of the existing policy. Williams v. Hartford Accident and Indemnity Co., 382 So.2d 1216, 1220 (Fla. 1980). The basic purpose of the law remains unchanged from *578 the original 1879 statute: the burning of wild lands is a criminal offense.
Two factors, including the title and the operative provisions of Chapter 17029, Laws of Florida (1935), convince us that the 1935 clarification serves only to reform the operative provisions of the statute making the burning of wild lands a crime without regard to the issue of ownership. The title to the act[8] refers only to making "it Unlawful to Burn, or Cause to be Burned or set Fire to or cause to be set Fire to, any Forest, Grass, Woods, Wild Lands or Marshes... ." It makes no reference to the issue of ownership or control of the land. Although not a part of the statute, the title is, nonetheless, a valuable aid in sifting out the legislative intent behind its enactment. Cook v. Blazer Financial Services, 332 So.2d 677, 679 (Fla. 1st DCA 1976); see also Webb, supra, at 824.
Our view is further buttressed by the operative provisions included in the enactment. Chapter 17029, Section 8, Laws of Florida (1935), is the provision that comprises the present Section 590.08, Florida Statutes (the crime), while Section 13 of the 1935 enactment comprises the present Section 590.15, Florida Statutes (the affirmative defense).[9]
The fact that both provisions in their present form have their origin in the same enactment requires us to read them in pari materia and to harmonize them both. Ivester v. State, 398 So.2d 926, 930 (Fla. 1st DCA 1981), rev. denied, 412 So.2d 470 (Fla. 1982). By finding that proof of the lack of ownership or control of the property is an element of the crime, we would in effect be disregarding the provisions of Section 590.15, placing on defendant the burden of establishing the ownership or control of the property he burns. This would render that section meaningless, thereby yielding an absurd result. Courts are to avoid an interpretation of a statute that would produce an absurd or unreasonable result. Wakulla County v. Davis, 395 So.2d 540, 543 (Fla. 1981).
Not inconsequential is the fact that the drafters and adopters in enacting the 1935 Act found it appropriate to set forth the crime first, followed by the affirmative defense section. It is an accepted rule of statutory construction that in considering whether to give effect to two potentially conflicting statutes, the last in point of order or arrangement prevails, because it represents the last expression of the legislative will. Kiesel v. Graham, 388 So.2d 594, 595-596 (Fla. 1st DCA 1980), rev. denied, 397 So.2d 778 (Fla. 1981).[10] Thus, the issue of ownership or control, while mentioned in the crime, is an affirmative defense by virtue of the fact that the statutory section assigning the burden of proof of this issue is the last expression of the legislature. Such a decision in specifying elements of and defenses to a crime is totally within the purview of the legislature. See, e.g., Borges v. State, 415 So.2d 1265 (Fla. 1982).
The appellant has posed one statutory construction argument deserving of close scrutiny. Great reliance is placed on the rule of statutory construction announced almost 100 years ago in Baeumel v. State, 26 Fla. 71, 7 So. 371, 372 (1890), wherein the Supreme Court stated:
[I]f there is an exception in the enacting clause, the party pleading must show that his adversary is not within the exception, but if there be an exception in a subsequent clause, or subsequent statute, that is [sic] matter of defense, and is to be shown by the other party.
*579 Appellant argues that the lack of ownership or control of the field burned is an exception in the enacting clause and that the burden is, therefore, correctly placed on the state to prove this fact.
This argument might prove highly persuasive were it not for the Supreme Court's recent consideration of a statutory scheme almost identical to the statutes at bar. In State v. Buchman, 361 So.2d 692 (Fla. 1978) the court examined Section 517.07, Florida Statutes (Supp. 1976),[11] which makes it illegal to sell any unregistered security in Florida, unless the sale is of a security from a statutorily exempted class of securities. However, Section 517.17, Florida Statutes (Supp. 1976),[12] ascertains the burden of proof by providing that the state need not prove the defendant sold non-exempt securities. The Buchman court refused to engage in the "mental gymnastics" involved in application of the Baeumel rule, and, in much the same manner as we have approached this case, looked directly at the legislative intent: "Our determination is that the lack of an exemption is not an element of the offense, rather the existence of an exemption is a defense available to the defendant." Buchman, supra, at 695.
Based on our analysis of the history and elements of the offense of burning wild or open lands, the legislative intent in specifically formulating a statutory affirmative defense, and the result reached in a case involving a statutory scheme quite similar to the case at bar in Buchman, supra, we are convinced that there was no due process violation in requiring the defendant to establish ownership or control of the land he was shown to have burned. Such proof is not an element of the crime set out in Section 590.08, Florida Statutes. It is a defense, "[a]nd, certainly, there is no due process problem with requiring that the defendant plead and prove a defense." Buchman, supra, at 695.
Therefore, the judgment of acquittal was properly denied. Because the lack of ownership or control of the land burned is not an element of the crime charged but is a defense, the record shows that the jury was properly charged.
The appellant also asserts that the lower court erred in denying a motion to suppress the witness's identification of the appellant, an issue which we have considered but that does not merit written attention.
The conviction is AFFIRMED.
SHIVERS and WENTWORTH, JJ., concur.
NOTES
[1] Section 590.08, Florida Statutes, states: "Unlawful burning of lands.  It is unlawful for any person to willfully or carelessly burn or cause to be burned, or to set fire to or cause fire to be set to, any forest, grass, woods, wild lands, or marshes not owned or controlled by such person."
[2] Section 590.15, Florida Statutes, states:

Burden of proof.  In any prosecution or civil action brought under the provisions of this chapter it shall not be necessary for the state or plaintiff to allege and prove absence of the right or authority of the defendant to set or cause to be set the fire [sic], but such right and authority shall be a matter of affirmative defense to be alleged and proved by the defendant.
[3] Section 590.08 exempts individuals who burn land that they "own or control" from the effects of the statute. In assigning the burden of proof, § 590.15, indicates the "right or authority" of one to burn property is an affirmative defense to be proven by the defendant. We find that while different terminology is utilized, "ownership or control" of the wild land burned and "right or authority" to burn are for all purposes synonymous.
[4] A mandatory presumption

may affect not only the strength of the "no reasonable doubt" burden but also the placement of that burden; it tells the trier that he or they must find the elemental fact upon proof of the basic fact, at least unless the defendant has come forward with some evidence to rebut the presumed connection between the two facts.
County Court of Ulster County, New York v. Allen, 442 U.S. 140, 157, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979). For an excellent analysis and comparison of conclusive, mandatory and permissive presumptions, Judge Wisdom's incisive opinion in Hammontree v. Phelps, 605 F.2d 1371 (5th Cir.1979), is highly instructive.
[5] Chapter 2527, Laws of Florida (1879), states:

Burning woods.  Whoever sets fire to or burns any wild forests, woods, lands, or marshes, except between February 15 and March 31, of each year, or between the said dates without giving two days' previous notice to all persons living within one mile of the place intended to be fired, shall be punished by imprisonment not exceeding sixty days, or by fine not exceeding one hundred dollars.
[6] Chapter 12024, § 1, Laws of Florida (1927), states:

That whoever sets fire to or burns any wild forest, woods, lands or marshes in this State shall, upon conviction thereof, be punished by fine not exceeding one thousand dollars or by imprisonment in the county jail not exceeding one year, or by both fine and imprisonment in the discretion of the Court. Provided, That the provisions of this Act shall not apply to owners or lessees burning over their own lands where the fire is not allowed to spread over the land of others.
[7] Chapter 17029, Laws of Florida (1935), states in relevant part:

AN ACT Relating to Forest Protection; to Authorize the Establishment and Organization of Forest Protection Districts and to Prescribe the Powers and Duties of the Florida Board of Forestry, the State Forester and Forest Fire Wardens in Connection Therewith; and to Regulate and Control Fires Therein; to Prescribe the Duties of Members of Road Construction and Maintenance Crews and Road Contractors and Sub-Contractors and their Employees in Relation to Fires on and Along the Rights of Way of State, County and Public Roads and to Prescribe the Duties of the State Road Department, the County Commissioners and County Highway Departments in Relation Thereto; to Make it Unlawful to Burn, or Cause to be Burned or set Fire to or cause to be set Fire to, any Forest, Grass, Woods, Wild Lands or Marshes, or to Permit Fires to Escape or to Leave Camp or Warming Fires Unextinguished; to Authorize the Florida Board of Forestry to Enforce the Provisions of this Act and all Fire Laws of the State and to Appoint Forest Fire Wardens to Assist in Such Enforcement; to fix the Powers and Duties of such Forest Fire Wardens, and to Require any Able Bodied Male Person Between the Ages of Eighteen and Fifty Years to Assist them Under Certain Circumstances; to Authorize the Florida Board of Forestry to Offer and Pay Rewards for the Arrest and Conviction of Persons Violating the Provisions of this Act; to provide Penalties for Violations of this Act and to provide Civil Liability for Damages Caused by such Violations; and to Repeal Section 5284, Revised General Statutes of Florida, 1920, and Sections 1 and 2 of Chapter 12,024, Laws of Florida, Acts of 1927, Relating to Burning or Setting Fire to Wild Forests, Lands, Woods or Marshes. [e.s.]
Be It Enacted by the Legislature of the State of Florida:
Section 1. This Act may be cited as THE FOREST PROTECTION ACT.
* * * * * *
Section 8. It shall be unlawful for any individual, firm or corporation wilfully or carelessly to burn or cause to be burned, or to set fire to or cause fire to be set to, any forest, grass, woods, wild lands or marshes not owned or controlled by such individual, firm or corporation.
* * * * * *
Section 13. In any prosecution or civil action brought under the provisions of this Act it shall not be necessary for the State or plaintiff to allege and prove absence of the right or authority of the defendant to set or cause to be set the fire [sic], but such right and authority shall be a matter of affirmative defense to be alleged and proved by the defendant.
[8] See Note 7.
[9] Compare Notes 1, 2 and 7.
[10] See also, 30 Fla.Jur., Statutes § 120 n. 67 (1974); 82 C.J.S. Statutes § 347 a., nn. 68, 70 (1953); compare, State v. City of Boca Raton, 172 So.2d 230, 232-233 (Fla. 1965) (ambiguous and potentially conflicting sections of city charter); State v. City of Hialeah, 109 So.2d 368, 369-370 (Fla. 1959) (city charter effective date as enacted by special law construed); and Johnson v. State, 157 Fla. 685, 27 So.2d 276 (Fla. 1946), cert. denied, 329 U.S. 799, 67 S.Ct. 491, 91 L.Ed. 683 (1947) (conflicting second paragraph of search warrant statute takes precedence over first paragraph).
[11] Section 517.07, Florida Statutes (Supp. 1976), states:

Registration of securities.  No securities except of a class exempt under any of the provisions of s. 517.05 or unless sold in any transaction exempt under any of the provisions of s. 517.06 shall be sold within this state unless such securities shall have been registered as hereinafter defined. Registration of stock shall be deemed to include the registration of rights to subscribe to such stock if the notice under s. 517.08 or the application under s. 517.09 for registration of such stock includes a statement that such rights are to be issued. A record of the registration of securities shall be kept in a register of securities to be kept in the office of the department, in which register of securities shall also be recorded any orders entered by the department with respect to such securities. Such register, and all information with respect to the securities registered therein, shall be open to public inspection.
Violation of this statute is a third degree felony. § 517.302, Florida Statutes (1981).
[12] Section 517.17, Florida Statutes (Supp. 1976), states:

Burden of proof.  It shall not be necessary to negative any of the exemptions provided in this part in any complaint, information, indictment, or any other writ or proceedings brought under this part, and the burden of establishing the right to any exemption shall be upon the party claiming the benefit of such exemption. Any person claiming the right to register any securities by coordination under s. 517.08 shall also have the burden of establishing the right so to register such securities.