432 So.2d 669 (1983)
Terry Lee ROBARGE, Appellant,
v.
STATE of Florida, Appellee.
No. 82-306.
District Court of Appeal of Florida, Fifth District.
June 2, 1983.
*670 James B. Gibson, Public Defender, and Theresa K. Edwards, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Shawn L. Briese, Asst. Atty. Gen., Daytona Beach, for appellee.
FRANK D. UPCHURCH, Jr., Judge.
Appellant Terry Lee Robarge was convicted of aggravated assault and manual possession of a firearm without a license. He challenges his conviction for possession of a firearm, a misdemeanor,[1] claiming that the state was required to prove that he lacked a valid license for the firearm. The state concedes that no proof was introduced at trial establishing that appellant lacked a license to carry the firearm. The state argues, however, that the lack of a license is a defense to the crime and not an essential element.
Section 790.05, Florida Statutes (1981), entitled "Penalty for carrying pistol, electric weapon or device, or repeating rifle without first obtaining a license" provides:
Whoever shall carry around with him, or have in his manual possession, in any county in this state, any pistol, electric weapon or device, or Winchester rifle or other repeating rifle without having a license from the county commissioners of the respective counties of this state shall be guilty of a misdemeanor of the second degree, punishable, as provided in s. 775.082, 775.083, or 775.084; provided, this section shall not apply to sheriffs, deputy sheriffs, city or town marshals, policemen, or United States marshals or their deputies as to the carrying of concealed weapons.
*671 It is elementary that each element of a criminal offense must be proven beyond a reasonable doubt before a legal conviction may be had. State v. Buchman, 361 So.2d 692 (Fla. 1978); Turknett [Turnnett] v. State, 116 Fla. 562, 156 So. 538 (1934); Bradshaw v. State, 353 So.2d 188 (Fla. 2d DCA 1978). Therefore, if the lack of a license is an essential element which the state was required to prove, its failure to do so requires reversal of the conviction.
Analysis of whether a provision in a statute is an essential element which must be alleged and proved by the state or is a defense which must be raised by the defendant begins with the seminal case of Baeumel v. State, 26 Fla. 71, 7 So. 371 (1890). There the statute required liquor dealers to secure a license before engaging in such sales and concluded with a proviso that druggists could use such liquors in preparing prescriptions without being required to have a license. The defendant contended that in order to charge him with a crime under the statute, the state had to allege and prove that he was not a druggist. The supreme court rejected this, explaining:
In a statutory offense, it depends very much, though not exclusively, on the words of the statute, whether a particular matter is one of defense, or whether the negative of the matter enters into the definition of the crime. Therefore, as a general rule, we have what has already been laid down, namely, "if there is an exception in the enacting clause, the party pleading must show that his adversary is not within the exception: but, if there be an exception in a subsequent clause, or subsequent statute, that is a matter of defense, and is to be shown by the other party."
7 So. at 372.
The court concluded that since the enacting clause to the statute before it contained no exception as to druggists, it was not necessary for the state to allege and prove that the defendant was not a druggist. See also Benitez v. State, 172 So.2d 520 (Fla. 2d DCA 1965).
In two relatively recent cases involving application of the rule enunciated in Baeumel, the supreme court, while looking to the location of the exception in the statute, emphasized that it could not ascertain any legislative intent that the lack of the exception was an element of the offense. State v. Thompson, 390 So.2d 715 (Fla. 1980); State v. Buchman, 361 So.2d 692 (Fla. 1978).[2]
State v. Kahler, 232 So.2d 166 (Fla. 1970), involved a possession crime, as does the instant case. The statute in question made it unlawful to possess certain drugs without a label indicating a valid prescription. The court held, inter alia, that the state was not required to show the nonexistence of a prescription but rather that this was a defense to the charge which the defendant could raise.
In the instant case, the "exception" is in the enacting clause as the statute makes it unlawful for an individual to possess a pistol without having a license from the county commission. In addition, this statute differs significantly from the one in Kahler because of Article I, § 8 of the Florida Constitution, which provides:
The right of the people to keep and bear arms in defense of themselves and of the lawful authority of the state shall not be infringed, except that the manner of bearing arms may be regulated by law.
In regulating the "manner of bearing arms", the state may require that one obtain and possess a license in order to carry a handgun and criminally punish those who do not. See Watson v. Stone, 148 Fla. 516, 4 So.2d 700 (1941). Likewise, the state may make it illegal to carry certain types of weapons such as concealed weapons, section 790.01, Florida Statutes *672 (1981), or those ordinarily used for criminal purposes such as machine guns and short barreled shotguns. § 790.221, Fla. Stat. (1981). See Rinzler v. Carson, 262 So.2d 661 (Fla. 1972). However, we have grave doubts as to whether the state, consistent with Article I, section 8 of our constitution, can obtain a criminal conviction by merely proving that a defendant possessed a pistol.[3]
We therefore conclude that the absence of a license is an essential element of the crime of possession of a firearm without a license and the state was required to prove this element.
Admittedly, the requirement that the state prove a negative,
790.06, Florida Statutes (1981) permits each county in the state to pass an ordinance adopting a uniform policy and procedure for the issuance of a license. Residency within the county of application is not a requisite of the statute and hence, in theory, appellant in this case could have obtained a license from any county. However, we believe the state could meet its burden by establishing that based upon an examination of the relevant records, the defendant does not possess a valid license in the county of his residence and the county in which the crime is alleged to have occurred, if different. See, e.g., United States v. Rivero, 532 F.2d 450, 458 (5th Cir.1976).
A remaining question is whether the trial court erred in imposing the three year minimum mandatory provision of section 775.087(2), Florida Statutes (1981), as to the aggravated assault count, where the court had also classified appellant as a youthful offender.
Numerous cases have held that the sentencing provisions of the Youthful Offender Act, chapter 958, Florida Statutes (1981), are the exclusive sanctions for defendants who meet its criteria and that therefore a defendant sentenced under the Act cannot be given the minimum mandatory sentence provided under section 775.087(2).[4]Patterson v. State, 408 So.2d 785 (Fla. 2d DCA 1982); Whitlock v. State, 404 So.2d 795 (Fla. 3d DCA 1981). See also § 958.05, Fla. Stat. (1981).
Therefore, as to appellant's sentence under count I for aggravated assault, we REVERSE and REMAND for resentencing. Whitlock. As to appellant's conviction under count II for possession of a firearm without a license, we REVERSE and order that he be discharged as to that offense.
COBB and SHARP, JJ., concur.
NOTES
[1] It arose out of the same circumstances as the aggravated assault charge.
[2] Thompson, for instance, involved the issue of whether the state was required to prove that a short barreled shotgun, found in the defendant's possession, was not an antique weapon. Section 790.221, Florida Statutes, which proscribes possession of such firearms, includes a proviso that "this section shall not apply to antique firearms." The court held that this exception is a matter of defense rather than an essential element of proof. See also Holmes v. State, 389 So.2d 214 (Fla. 5th DCA 1980).
[3] It is on this point that the instant case is clearly distinguishable from Hicks v. State, 407 So.2d 252 (Fla. 5th DCA 1981), rev'd, 421 So.2d 510 (Fla. 1982), wherein the supreme court ruled that non-consent to entry is not an essential element of the crime of burglary which the state must prove. As both the supreme court observed and Judge Cowart noted in his dissent to the district court opinion, even without the element of non-consent, the crime of burglary can still be established since the critical element which the state must prove is that the defendant entered or remained in the premises "with the intent to commit an offense therein." 421 So.2d at 512; 407 So.2d at 255. Here, without showing the absence of a valid license, there is no crime.
[4] It should be noted that section 958.05(3), Florida Statutes (1981) of the Act does provide for a minimum one year term of imprisonment for particularly serious crimes or dangerous offenders.