450 So.2d 855 (1984)
STATE of Florida, Petitioner,
v.
Terry Lee ROBARGE, Respondent.
No. 63928.
Supreme Court of Florida.
May 17, 1984.
Jim Smith, Atty. Gen., Tallahassee, and Shawn L. Briese and W. Brian Bayly, Asst. Attys. Gen., Daytona Beach, for petitioner.
James B. Gibson, Public Defender, and David A. Henson, Asst. Public Defender, Daytona Beach, for respondent.
McDONALD, Justice.
We accepted this case because the district court's opinion in Robarge v. State, 432 So.2d 669 (Fla. 5th DCA 1983), appeared to be in conflict with State v. Thompson, 390 So.2d 715 (Fla. 1980), State v. Buchman, 361 So.2d 692 (Fla. 1978), and State v. Kahler, 232 So.2d 166 (Fla. 1970).
On January 19, 1982 a jury convicted Robarge of aggravated assault and manual possession of a firearm without a license. On appeal the district court reversed Robarge's conviction for violating section 790.05, Florida Statutes (1981) (possession of a firearm without a license), because the state had not proved at trial that Robarge did not have a license. The district court *856 held that the lack of a license is an essential element of the crime, and, by not introducing any evidence on this issue, the state had failed to meet its burden of proving each element of the offense beyond a reasonable doubt.
The state argues that the district court's construction of the "without a license" provision in section 790.05 conflicts with previous decisions of this Court characterizing exceptions or provisos contained in other statutes as defenses which a defendant must raise. Initially, we agreed with the state and granted review of this case. Upon further consideration of the various decisions and the statutes considered therein, however, we conclude that the district court's decision does not conflict with the cases cited by the state.
The general rule for determining whether a statutory exception is an element of a statutory offense or a defense is set forth in Baeumel v. State, 26 Fla. 71, 7 So. 371 (1890), which states that,
if there is an exception in the enacting clause, the party pleading must show that his adversary is not within the exception; but, if there be an exception in a subsequent clause, or a subsequent statute, that is matter of defence [sic], and is to be shown by the other party.
Id. at 75, 7 So. at 372 (quoting 1 J. Bishop, Criminal Procedure § 639 (2d ed. 1872)). Thus, for a statutory exception to constitute a defense under Baeumel, it must be in a clause subsequent to the enacting clause of a statute. In Thompson we cited with approval Webster's definition of a "clause": "A `clause' is defined as `a word group formed by subject and predicate elements but constituting a member of a complex or compound sentence instead of ranking as a completed sentence.'" 390 So.2d at 716 n. 3 (quoting Webster's New International Dictionary 497 (2d ed. 1947)).
Applying the above rule and definition to the text of section 790.05,[1] it is clear that the "without a license" provision is not "an exception in a subsequent clause." Rather, "without a license" is a prepositional phrase contained in the enacting clause of the statute. Therefore, the district court correctly held that "the absence of a license is an essential element of the crime of possession of a firearm without a license." 432 So.2d at 672.
Conversely, the statutory exception we considered in Thompson appeared in a clause following the enacting clause. We found the statutory exception in subsection 790.221(1), Florida Statutes (1977),[2] not to be an element of the crime that the state had to prove. Given the different placement of the statutory exception in subsection 790.221(1), the district court's decision in this case is consistent with Thompson.
The case with which there appeared to be the strongest likelihood of conflict is Buchman. In Buchman we held that the state did not have to prove the lack of an exemption to obtain a conviction for the sale of unregistered securities under section 517.07, Florida Statutes (1975),[3] even though the statutory exception which set out the *857 exemptions appeared in the enacting clause of the statute. In reaching our decision in Buchman, however, we did not overrule Baeumel, but, rather, relied on the legislature's intent in enacting the statute.
A court's main guide in construing a statute is the legislature's intent. Parker v. State, 406 So.2d 1089 (Fla. 1981). Accordingly, general rules of statutory construction, such as the one in Baeumel, are designed to help courts ascertain the intent of the legislature. American Bakeries Co. v. Haines City, 131 Fla. 790, 180 So. 524 (1938). As stated above, however, Baeumel is a general rule, and in some cases the placement of a statutory exception is not determinative of the legislature's purpose regarding a statutory exception.[4]
In Buchman application of the Baeumel rule would not have reflected the correct legislative intent. In section 517.17, another provision of the Sale of Securities Law, the legislature stated:
It shall not be necessary to negative any of the exemptions provided in this chapter in any complaint, information, indictment, or any other writ or proceedings brought under this chapter, and the burden of establishing the right to any exemption shall be upon the party claiming the benefit of such exemption.
Based on the legislature's clear directive, we construed section 517.07 in conformity with section 517.17 and held that "the lack of an exemption is not an element of the offense." 361 So.2d at 695. In determining legislative intent a court must examine the entire statute under consideration. State v. Rodriquez, 365 So.2d 157 (Fla. 1978). If we had followed the Baeumel rule in Buchman in interpreting section 517.07, we would have not only construed that section inconsistently with the legislature's intent but we would have rendered section 517.17 a nullity.
On the other hand, a court need not depart from a general rule of statutory interpretation if application of the rule will carry out the legislature's will. See American Bakeries Co.; 3 J. Sutherland, Statutes and Statutory Construction 454-62 (rev. 3d ed. 1974). An examination of section 790.05 does not disclose anything to indicate that characterizing the lack of a license as an element of the offense would be contrary to legislative intent regarding this statute. Therefore, the district court's decision that Baeumel's general rule of statutory construction controls the construction of section 790.05 is not in conflict with our decision in Buchman.
Finally, in Kahler we considered the validity of a statutory presumption, not whether an exception was an element of or a defense to a criminal offense. Thus, there can be no conflict between the district court's decision and Kahler.
Finding no conflict between Robarge and the above cases, we deny the petition for review.
It is so ordered.
ALDERMAN, C.J., and BOYD, OVERTON, EHRLICH and SHAW, JJ., concur.
ADKINS, J., dissents.
NOTES
[1] § 790.05 provides:

Whoever shall carry around with him, or have in his manual possession, in any county in this state, any pistol, electric weapon or device, or Winchester rifle or other repeating rifle without having a license from the county commissioners of the respective counties of this state shall be guilty of a misdemeanor of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084; provided, this section shall not apply to sheriffs, deputy sheriffs, city or town marshals, policemen, or United States marshals or their deputies as to the carrying of concealed weapons.
[2] § 790.221(1) provides:

It is unlawful for any person to own or to have in his care, custody, possession, or control any short-barreled rifle, short-barreled shotgun, or machine gun which is, or may readily be made, operable; but this section shall not apply to antique firearms.
In Thompson we found that the antique weapon proviso in this statute constituted "an exception in a subsequent clause" under Beaumel.
[3] § 517.07 provides in relevant part:

No securities except of a class exempt under any of the provisions of s. 517.05 or unless sold in any transaction exempt under any of the provisions of s. 517.06 shall be sold within this state unless such securities shall have been registered, as hereinafter defined.
[4] The fact that the Baeumel rule is not the exclusive method for determining the characterization of a statutory exception is evidenced by the qualification that begins the statement of the rule:

In a statutory offense, it depends very much, though not exclusively, on the words of the statute whether a particular matter is one of defense or whether the negative of the matter enters into the definition of the crime.
26 Fla. at 75, 7 So. at 372 (quoting 1 J. Bishop, Criminal Procedure § 639 (2d ed. 1872)).