474 So.2d 1206 (1985)
John P. TERRANOVA, Appellant,
v.
STATE of Florida, Appellee.
No. 84-2581.
District Court of Appeal of Florida, Second District.
July 26, 1985.
Rehearing Denied September 3, 1985.
*1207 Louis Kwall of Gross & Kwall, P.A., Clearwater, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Michael J. Kotler, Asst. Atty. Gen., Tampa, for appellee.
CAMPBELL, Judge.
This is an appeal from an order of the County Court for Pinellas County, containing an issue which was certified by the County Judge to be of great importance. We accepted jurisdiction pursuant to Florida Rule of Appellate Procedure 9.160.
The order appealed from is an order denying a motion for new trial. The findings of the County Judge are set forth in full and adopted by this court as a part of this opinion as follows:
1. The Defendant was charged with operating as a Contractor without a license, contrary to F.S. § 489.127(1)(f). With the agreement of the State the Defendant consented to trial without jury.
2. In denying the Defendant's Motion For Judgment of Acquittal and in finding the Defendant GUILTY, the Court found that the Defendant's actions constituted those of a person acting in the capacity of a roofing contractor, as defined in F.S. § 489.105(3)(e).

3. In specific, the Court found that the Defendant's application of a substance known as "Clean 'n Brite Stretch & Seal", together with "cleaning all gravel off roof ... and replacing 12 X 6 rafter, 14 X 6 plywood roof and installation of 1 roll of 90 pound felt and seal inside and out", as specified in the Defendant's work orders (State's Exhibits No. 1 and 2 in evidence) constituted services in the roofing trade and the use of materials and items in the installation of roofing and waterproofing. Accordingly, the Court found that the services of the Defendant were within the definition of F.S. § 489.105(3)(e) and that the Defendant had been paid $1250.00 for these services (see State's Exhibit No. 4 in evidence).
4. The Court found that the certification of non-licensure [sic] (State's Exhibit No. 4 in evidence) was an admissible document which required no seperate [sic] authentication and that it established the Defendant's lack of compliance with the certification and registration required pursuant to F.S. § 489.115.

5. The Court found that the proof adduced by the State was sufficient to establish the Defendant's guilt beyond a reasonable doubt, although the State did not specifically allege and separately prove that the Defendant's conduct was not exempted pursuant to the provisions of F.S. § 489.103(1-14). This Court does not find that the State of Florida must allege or separately prove that the Defendant's conduct does not fall within the fourteen (14) exemptions contained in F.S. § 489.103 for the reason that the majority of the exemptions cited therein have no relevance or application to the specified activities of a "roofing contractor", as defined in F.S. § 489.105(3)(e). Those exemptions found in F.S. § 489.103 which could be found to have application, such as 489.103(9) or (12), were competently shown by the State, in its case in chief, not to have application to the Defendant's situation.
6. This Court cannot perceive from the Statute that it was the intent of the Legislature that the lack of each exemption specified in F.S. § 489.103 must be established as an indispensible [sic] element in the proof that a defendant operated as a roofing contractor without appropriate certification or registration. To interpret the Statute as requiring proof that each exemption is not applicable would burden the State's requirement for proof to a limit of absurdity. For example, to negate the exemption granted *1208 under F.S. § 489.103(13) the State would be required to allege and prove that the Defendant is not a "dealer in liquified petroleum gas" who is licensed under Chapter 527, F.S. Other examples of the absurd limit to which the State's burden of allegation and proof would be driven are readily apparent.
7. This Court finds that it constitutes an issue of great public importance whether the State in charging a defendant with engaging in the business of a contractor without being duly registered or certified shall be required to charge and prove as an essential element of that offense that the defendant's conduct is not exempted by any of the exemptions specified in F.S. § 489.103(1-14). Relying on the decision of State v. Buckman [sic], 361 So.2d 692, pgs. 694, 695, this Court in reviewing the provisions of F.S. 489 finds that the lack of an exemption is not an essential element of the offense of engaging in the business or act of a contractor without being duly registered or certified and that the existence of exemptions, as specified in F.S. § 489.103(1-14) constitute defenses available to the Defendant and there is no due process problem in requiring the Defendant to plead or prove such defenses.
Appellant relies on Baeumel v. State, 26 Fla. 71, 7 So. 371 (1890), State v. Buchman, 361 So.2d 692 (Fla. 1978) and State v. Robarge, 450 So.2d 855 (Fla. 1984), for his position that the state must negate the exemptions contained in section 489.103 before it can convict appellant for a violation of section 489.127. Appellant's reliance on those cases, as found by the County Judge, is misplaced. Baeumel, Buchman and Robarge all stand for the rule of statutory construction that where the intent of the legislature is not otherwise clear, the general rule is that if there is an exception within the enacting clause defining a crime, the state must show that the defendant is not within the exemption.
In this case, as the County Judge found, it seems clear that the legislative intent in chapter 489 is that the exemptions contained in section 489.103 are matters of defense to be raised and proved by the defendant. However, we feel constrained to some further discussion of the general rule as enunciated in Baeumel, Buchman and Robarge. None of those cases discuss or define the "enacting clause" of a statute.
Appellant in this case erroneously quotes the title of chapter 79-200, Laws of Florida, as being the enacting clause of the act that created chapter 489. The Constitution of the State of Florida, article III, section 6, provides that "The enacting clause of every law shall read: `Be It Enacted by the Legislature of the State of Florida... .'" Relying on that constitutional provision makes the application of the Baeumel, Buchman and Robarge rule difficult, if not impossible, because there could never be exemptions contained within the enacting clause and all of the material elements of all statutes are contained in separate clauses that follow the enacting clause.
In regard to chapter 79-200, however, as we have previously stated, the intent seems clear. Chapter 79-200 contains nineteen separately numbered and separately titled sections. The exemptions from the act are contained in section 11, while the penalties for violation of the act are contained in section 13. Thus, even if we attempted to apply the Baeumel, Buchman and Robarge rule, we would hold that since the exemptions are contained in a separate section of the statute, they are a matter of defense available to a defendant and not an element of the offense which is prohibited in yet another section of the act.
We also find that the County Judge's order correctly found that the certification of nonlicensure was admissible as prima facie proof of a violation of section 489.127. Chapter 489 clearly contemplates the maintenance of records of certification and registration by the Construction Industry Licensing Board. The certification of nonlicensure falls within the purview of *1209 sections 90.803(10) and 90.902, Florida Statutes (1983).
Affirmed.
RYDER, C.J., and FRANK, J., concur.