Barry A. Morris, Ph.D. Chairperson, Statewide Human Rights Advocacy Committee 1317 Winewood Boulevard Building 1, Room 400 Tallahassee, Florida 32399-0700
Dear Dr. Morris:
You ask substantially the following question:
Do the recent amendments to ss. 119.07 and 415.51, F.S., by Ch. 90-306, Laws of Florida, permit the Statewide Human Rights Advocacy Committee to release information from its own investigative reports related to the death of a client of the Department of Health and Rehabilitative Services by abuse or neglect?
In sum, I am of the opinion:
The recent amendment to ss. 119.07 and 415.51, F.S., by Ch. 90-306, Laws of Florida, provide a mechanism for the release of records of the Department of Health and Rehabilitative Services but do not relate to the investigative reports of the Statewide Human Rights Advocacy Committee.
The Statewide Human Rights Advocacy Committee is responsible for investigating reports of abuse and deprivation of constitutional and human rights referred to the committee by a district human rights advocacy committee.[1] Where the matter constitutes a threat to the life, safety or health of clients of the Department of Health and Rehabilitative Services (HRS) or is multidistrict in scope, the committee may exercise such powers without the necessity of a referral from a district committee.
Subject to certain restrictions, the committee has access to HRS client records and to other records material to its investigation which are in the custody of another governmental agency.[2]
Section 402.165(8)(a), F.S., however, provides:
[A]ll information obtained or copies of records received by the committee otherwise made confidential by law or relating to the identity of any client or individual providing information to the committee about abuse or alleged violations of constitutional or human rights shall be exempt from the provisions of chapter 119 and shall be considered and held confidential. . . . All records prepared by members of the committee which reflect a mental impression, investigative strategy, or theory are exempt from s.119.07(1) until completion of the investigation. . . .
Section 24, Ch. 90-306, Laws of Florida, adds subsection (7) to s.119.07, F.S., to provide in part:
Notwithstanding the provisions of paragraph (3)(a), any person or organization, including the Department of Health and Rehabilitative Services, may petition the court for an order making public the records of the Department of Health and Rehabilitative Services that pertain to investigations of alleged adult or child abuse, neglect, abandonment, or exploitation. (e.s.)
In deciding whether to open such records, the court is required to balance the interests of the adult or child, together with the privacy rights of other persons identified in the reports, against the public interest.[3] In cases involving the death of an aged person, disabled adult, or child, there is a presumption that the best interest of that individual, as well as the public interest, will be served by full disclosure of the circumstances "of the investigation of the death . . . and any other investigation concerning" the aged person, disabled adult, or child.[4] If the court finds good cause for public access exists, the court shall direct HRS to redact the name and other identifying inform-ation of any person identified in such reports[5] until such time as the court finds there is probable cause to believe the person identified committed the act of abuse, neglect or abandonment. In construing a statute, each part should be construed in connection with every other part or section of the statute.[6]
Section 119.07(7), F.S. (1990 Supp.), creates a procedure for opening otherwise confidential records of HRS. Subsection (7)(b) of the statute establishes a presumption for such proceedings when the death of the aged person, disabled adult or child has occurred.
Thus, the reference in s. 119.07(7)(b), F.S., for "full public disclosure of the circumstances of the investigation of the death and any other investigation concerning" the aged person, disabled adult or child relates, in my opinion, to investigations by HRS. I find nothing in the statute which provides for, or otherwise relates to, the records of the human rights advocacy committees. Section 119.07(7), F.S., as amended, however, does permit the committee, as well as any other person or organization including HRS, to petition the court for an order to open HRS's records.
You also refer to s. 415.51(1)(b), F.S., as amended by s. 54, Ch. 90-306, Laws of Florida, which provides:
Except for information identifying individuals, all records involving the death of a child as a result of abuse or neglect, and which are classified in an investigative report as confirmed, pursuant to s. 415.504, shall be released to the public within 10 days after completion of the investigation. (e.s.)
While the phrase "all records involving the death of a child as a result of abuse or neglect" is expansive, the statute limits such term to those records classified pursuant to s. 415.504, F.S., in an investigative report as confirmed.[7] Pursuant to s. 415.504, F.S., HRS is responsible for investigating reports of child abuse or neglect.[8] Thus, the records referred to in s. 415.51, F.S., as amended, would appear to refer to those reports contained in the investigation records of HRS which have been classified as confirmed.
Accordingly, the recent amendments to ss. 119.07 and 415.51, F.S., by Ch. 90-306, Laws of Florida, provide a mechanism for the release of records of HRS but do not relate to the investigative reports of the Statewide Human Rights Advocacy Committee. Access to the committee's investigative reports would continue to be governed by s. 402.165(8)(a), F.S. As discussed supra, that section makes all information or records received by the committee "otherwise made confidential by law" or relating to the identity of any client or individual providing information to the committee about abuse or deprivation of rights confidential and exempt from Ch. 119, F.S.
However, when the confidentiality of HRS records has been removed pursuant to ss. 119.07(7) or 415.51, F.S., as amended, such HRS records received by the committee are no longer exempt pursuant to s. 402.165(8), F.S., as information or records "otherwise made confidential by law." Such information or records, therefore, may be released by the committee once the HRS records have been opened pursuant to s. 119.07(7), F.S., or s. 415.51, F.S., as amended. However, information from such records not made available for public disclosure, such as the information identifying individuals, would not be subject to disclosure by the committee.[9] Records prepared by members of the Statewide Human Rights Advocacy Committee which reflect a mental impression, investigative strategy or theory would continue to be exempt from s. 119.07(1), F.S., until the completion of the investigation.[10]
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] Section 402.165(7)(c), F.S.
[2] Section 402.165(8)(a), F.S.
[3] Id. In the case of a child, the interests of that child's siblings are also to be considered by the court. The public interest in access is reflected in s. 119.01(1), F.S., and includes the need for citizens to know of and adequately evalu-ate the actions of the Department of Health and Rehabilitative Services and the court system in protecting aged persons, dis-abled adults and children of this state. Section 119.07(7)(a), F.S., as amended.
[4] See, s. 119.07(b)1. and 2., F.S. (1990 Supp.).
[5] For example, any unfounded report, indicated-perpetrator undetermined report, or proposed confirmed report, or in any report which has not yet been classified pursuant to s. 415.504(4), F.S.
[6] See generally, Tampa J. Ry. Co. v. Catts, 85 So. 364 (Fla. 1920); State v. Robarge, 450 So.2d 855 (Fla. 1984) (in determining legislative intent, court must examine entire statute under consideration); Sun Insurance Office, Limited v. Clay,133 So.2d 735 (Fla. 1961) (statute must be read in its entirety).
[7] "Confirmed reports" are those proposed confirmed reports which have been determined to be valid after a hearing under s. 415.504(4)(d)3. or for which the alleged perpetrator has failed to request amendment or expunction within the time allotted for such requests under s. 415.504(4)(d)2. Section 415.503(6), F.S., as amended by s. 5, Ch. 90-50, and s. 50, Ch. 90-306, Laws of Florida. And see, s. 415.503(16), F.S., as added by s. 5, Ch. 90-50, and s. 50, Ch. 90-306, Laws of Florida, defining "Proposed confirmed report" to mean a report made pursuant to s. 415.504 when a child protective investigation alleges that abuse or neglect occurred and which identifies the perpetrator.
[8] See, s. 415.504(1), F.S., which requires certain persons who know or have reasonable cause to suspect, that a child is an abused or neglected child to report such knowledge or suspicion to the department, and s. 415.504(4)(c)2., F.S., as amended by s. 51, Ch. 90-306, Laws of Florida, which provides that the department, upon completion of its investigation, shall classify reports as "proposed confirmed," "indicated-perpetrator undetermined," or "unfounded." And see, s. 415.504(3), F.S., which provides that in cases where the child has died as a result of suspected child abuse or neglect, the person is required to report his suspicions to the appropriate medical examiner.
[9] See, s. 119.07(7)(c), F.S., and s. 415.51(1)(b), F.S., as amended.