OWEN, WILLIAM C., Jr., Senior Judge.
A jury found appellant guilty of bigamy upon undisputed proof that his marriage to Cherice (wife number five) occurred while he was still married to Diana (wife number three). The principal issues on this appeal relate to (1) the jury being made aware that appellant had also married Debra (wife number four) while still married to Diana, and (2) the exceptions to the bigamy statute. Finding no reversible error, we affirm.
Initially, the information charged appellant with one count of bigamy, i.e., a marriage to Cherice while married to Diana. The prosecutor gave notice of intent to use ‘Williams Rule” evidence, i.e., appellant’s marriage to Debra while married to Diana. Shortly before trial the state filed an amended information charging defendant with two counts of bigamy, (Count I) marrying Debra while married to Diana, and (Count II) marrying Cherice while married to Diana. On the day the trial commenced appellant filed his motion to dismiss Count I as barred by the statute of limitations. Because the amended information and the pending motions were not brought to the court’s attention until after a jury venire had been seated in the courtroom, the court stated that the voir dire would proceed and the motions would be heard at the noon recess. The court then read both counts of the amended information to the venire.
After the recess, the court denied the state’s in limine motions for leave to use evidence of appellant’s marriage to Debra as similar fact evidence of other crimes,[1] but granted defendant’s motion to dismiss count I. Appellant moved to strike the venire because the prospective jurors had been informed of the alleged bigamous marriage to Debra. The motion was denied and a jury was selected and sworn. At appellant’s request the court informed the jury of the reason why count I had been dismissed.
Appellant did not dispute the testimonial and documentary evidence that he and Diana were married in 1988, divorced in 1995, and that in the interim he married and divorced Debra and married Cherice. In fact, appellant’s counsel conceded during his closing argument that appellant had married Cherice while he had a wife then living (Diana), but he contended that appellant was not guilty of *425 bigamy with Cherice because he came within the exceptions[2] to the bigamy statute, particularly section .826.02(2), Florida Statutes, (1993). The testimony of the state’s three witnesses relevant .to that issue was as follows: [3] Diana testified that she and appellant were married in 1988, but separated in March, 1989, after a fight which required her to call the police to their home and which resulted in appellant’s moving out; that as far as she was concerned the marriage was over at that point in time; that she did not want to see appellant again, and that she told appellant as much when he called a week later asking her to take him back; that she and appellant had no further contact with one another until approximately March, 1995; and that she divorced appellant in November, 1995. Debra testified that she married appellant in March, 1990; that before their marriage appellant told her that he and Diana had been divorced the preceding April; and that she and appellant were divorced September 13, 1994. Cherice testified that she met appellant while he was still married to Debra; that he disclosed his marital history, including a claimed divorce from Diana; that she married appellant ten days after Debra and appellant were divorced.
As might be expected, the prosecutor argued to the jury, over appellant’s objection, that appellant’s marriage to Debra one year after Diana and appellant separated was evidence that appellant did not come within the statutory exception. During the jury’s deliberations, the jury sent the following question to the court:
Are we to consider the fact that William Toro married Debbie while still married to Diana, or is this strictly the fact that he married Cherice while being married to Diana?
Defendant requested the court to instruct the jury that they were to consider only that which was charged in the information. The court denied the requested instruction and instead instructed the jury as follows: “Ladies and gentlemen I can’t directly answer this question. I could only advise you to continue your deliberations.” The jury returned a verdict of guilty as charged and appellant was adjudicated and sentenced.
Appellant raises four separate issues relating to the matter of his bigamous marriage to Debra: the denial of his motion for a new'jury venire; the overruling of his numerous objections and motions for mistrial based upon the state’s repeated violations of the court’s order on the in limine motion; the court’s failure to answer the jury’s .question as to whether it should consider appellant’s marriage to Debra; and the prejudicial cumulative effect of these errors.
These several issues are considered together. We hold that evidence of appellant’s marriage to Debra while appellant had a living spouse (Diana), though it was similar fact evidence of other crime, was admissible under section 90.404(2)(a) Florida Statutes, (1993) because it was relevant to a material issue in the case, i.e., whether appellant came within the exception of section 826.02(2) Florida Statutes (1993). See Williams v. State, 621 So.2d 413, 414 (Fla.1993); Miller v. State, 667 So.2d 325, 328 (Fla. 1st DCA 1995). Because the evidence of appellant’s marriage to Debra was admissible, the other rulings pertaining thereto were either not error or were clearly harmless. The initial disclosure to the jury during voir dire (that the state had also charged appellant with a bigamous marriage to Debra) was cured by the court’s later instruction that appellant was charged only with a bigamous marriage to Cherice. See, e.g., Wyatt v. State, 641 *426 So.2d 1336 (Fla.1994). As to the court’s answer to the jury’s question, we find the court did not abuse its discretion, given the relative simplicity of the issue and the clarity of the prior instructions.
Appellant’s other issue which merits discussion relates to the exceptions to the bigamy statute. Appellant contended before the trial court, as he does here, that the burden was upon the state to prove the nonexistence of the statutory exceptions. He requested an instruction, the effect of which would have required the state to refute beyond and to the exclusion of every reasonable doubt any exception which the jury found to exist. The court denied the requested instructions, ruling that the statutory' exceptions were, in fact, affirmative defenses to the crime of bigamy. We concur, as it is clear from a reading of the statutory exceptions that each requires proof of matters which are almost exclusively within the subjective knowledge, understanding or thought processes of the accused. That alone satisfies us that it was the legislative intent for these “exceptions” to be affirmative defenses. Our view in that respect is reinforced by the legislative placement of these exceptions in a subsequent statute. See State v. Robarge, 450 So.2d 855 (Fla.1984).
The court instructed the jury that it was a defense to the crime of bigamy if any of the five exceptions [which the court read to the jury] were proved, and “therefore if you find from the evidence that any of these defenses were proved, or if you have a reasonable doubt about whether they were proved, you should find the defendant not guilty of the crime of bigamy.” We find, contrary to appellant’s contention below and here, that the italicized words do not place a higher burden on appellant than that required for affirmative defenses set out in Florida Standard Jury Instructions (Crim.) 3.04.
AFFIRMED.
DELL, J., concurs.
GROSS, J., concurs in part and dissents in part with opinion.

. Prior to opening statement the prosecutor requested and obtained from the court a modification of that ruling, permitting such evidence as long as it was shown to be relevant and not made a feature of the case.

. The provisions of s. 826.01 shall not extend to any person:
(1) who reasonably believes that the prior spouse is dead.
(2) whose prior spouse has voluntarily deserted him and remained absent for the space of 3 years continuously, the party marrying again not knowing that other to he living within that time.
(3) whose bonds of matrimony have been dissolved.
(4) who violates [the provisions of the bigamy statute] because a domestic or foreign court has entered an invalid judgment purporting to terminate or annul the prior marriage and the defendant does not know that judgment to be invalid.
(5) who reasonably believes that he is legally eligible to remarry. (Emphasis supplied).

. Appellant .did not testify and offered no evidence.