HORTON, Judge.
The appellants were charged, tried, convicted and sentenced for the crime of breaking and entering and grand larceny.
On appeal from the judgment of conviction and sentence, the appellants’ sole ground for reversal is the alleged error of the trial judge in denying" appellants’ motion to suppress certain evidence. The evidence sought to be suppressed was allegedly obtained as the result of an unlawful search of a motel room rented by the appellant James Fletcher but occupied by both appellants who are brothers.
The appellants contend that their convictions were obtained as a result of the introduction of evidence seized incidental to an unlawful search. We have reviewed the testimony taken before the trial judge on appellants’ motion to suppress and find that the evidence (items of jewelry) sought to be excluded was found on the grounds of the motel underneath the window of a room allegedly occupied by appellants. When entrance was gained to the room by *163 the police officers, no one was found m the room and no evidence was seized from or in the room. In order to suppress evidence of a crime allegedly obtained as the result of an unlawful search, there obviously must have been some evidence secured during the course of the unlawful search. The constitutional protection, in this regard, is directed at the attempted use of incriminating evidence gained during the unlawful search of the premises occupied. Assuming, arguendo, that there was an unlawful entry, the trial judge was correct in denying the motion since it was evident nothing was seized as a result of the entry which was offered in evidence against appellants. See Mitchell v. State, Fla.1952, 60 So.2d 726. It appears that appellants or one of them threw the jewelry out of the motel window prior to making their exit and before the police officers entered the room.
The judgment of conviction and sentence appealed is affirmed.
Affirmed.