349 So.2d 674 (1977)
Willie Charles BRANT, Appellant,
v.
The STATE of Florida, Appellee.
No. 76-1582.
District Court of Appeal of Florida, Third District.
August 9, 1977.
Rehearing Denied September 14, 1977.
Max P. Engel and Steven Rosenthal, Miami, for appellant.
Robert L. Shevin, Atty. Gen., and Joel D. Rosenblatt, Asst. Atty. Gen., and Gregg Spieler, Legal Intern, for appellee.
Before BARKDULL, HAVERFIELD and HUBBART, JJ.
HAVERFIELD, Judge.
Willie Charles Brant seeks reversal of his convictions for carrying a concealed firearm and possession of heroin, and first contends the trial court erred in denying his motion to suppress the evidence on the ground that the evidence seized was the result of an illegal search and seizure. Hereunder he argues that the arresting officers, without any probable cause, went to a place where they did not have a right to be and, therefore, any knowledge thereby obtained was tainted. We cannot agree.
The arresting officers, Buhrmaster and Pierce, received a tip regarding a possible narcotics transaction involving an individual *675 named "Inky" who resided in either room 306 or 310 of the Mary Elizabeth Hotel. The officers went to the hotel and remained in a vacant room adjacent to that of the defendant. Upon hearing a noise, Officer Buhrmaster peered out his door and observed the defendant and several other individuals walking down the hallway. He then saw the defendant pull a gun from beneath his shirt just prior to unlocking his door and as defendant opened the door, Officer Buhrmaster ordered him to drop the gun. Defendant dropped the gun on his bed and Officer Buhrmaster placed him under arrest. Officer Buhrmaster then proceeded to search him and a cigarette package containing heroin was found on the defendant. Following a non-jury trial, defendant was found guilty of carrying a concealed weapon and possession of heroin, and received sentences of five years on each charge to be served concurrently.
There is no question that a hotel or motel room is a private dwelling of the occupant so long as he (or she) is legally there. Sheff v. State, 301 So.2d 13 (Fla.1st DCA 1974). However, areas which are outside of a hotel room, such as hallways, which are open to use by others may not be reasonably considered as private. See Fletcher v. State, 168 So.2d 162 (Fla.3d DCA 1964); State v. Clarke, 242 So.2d 791 (Fla.4th DCA 1970). A search is generally accepted to be an inspection or examination of places closed from public or general view and requires some measure of force or intrusion, however slight; nevertheless, it is not a search to observe and to seize what is so placed where it may be seen by an officer who is where he has a legal right to be. State v. Parnell, 221 So.2d 129 (Fla. 1969); State v. Ashby, 245 So.2d 225 (Fla. 1971); State v. Clarke supra; Boim v. State, 194 So.2d 313 (Fla.3d DCA 1967). A hallway is in the nature of a public, not a private area, and, thus, the officers had a right to be there. Further there was no intrusion upon the defendant's privacy and Officer Buhrmaster's observation of the defendant pulling a gun from under his shirt in the hallway in no way constituted a search. Cf. State v. Clarke, supra. As the court stated in State v. Coyle, 181 So.2d 671, 675 (Fla.2d DCA 1966), "In electing to commit a crime at a place where others may see him, one must assume the hazard that he will be seen".
In addition, we cannot accept defendant's contention that by occupying the adjacent vacant room, the officers invaded his privacy because the guarantee against unreasonable searches and seizures is personal and accrues only to the person who has the lawful right of occupation or possession of the premises searched. Moore v. Wainwright, 248 So.2d 262 (Fla.1st DCA 1971). Obviously, defendant had no right of possession or occupation in this adjacent room and, thus, we find no need of either a search or arrest warrant because defendant pulled the gun from under his shirt in plain view of Officer Buhrmaster. See State v. Parnell, 221 So.2d 129 (Fla. 1969), supra, and Section 901.15, Florida Statutes (1975). Likewise, the subsequent seizure of the heroin did not require the issuance of a warrant as the personal search of the defendant was made pursuant to his lawful arrest. See State v. Gustafson, 258 So.2d 1 (Fla. 1972) and Section 901.21, Florida Statutes (1975).
Defendant for his second and final point on appeal argues that the court erred in denying his motion for judgment of acquittal as to the charge of carrying a concealed weapon because he was within the exception of Section 790.25, Florida Statutes (1975) allowing persons to carry a firearm in their home or apartment [See Section 790.25(3)(n), Florida Statutes (1975)].
The record reflects that the prosecution made out a prima facie case as to this charge as Officer Buhrmaster testified that defendant was in a public hallway when he observed the defendant withdraw his gun from underneath his shirt. Thus, defendant does not fall within the above exception. See Facion v. State, 290 So.2d 75 (Fla.2d DCA 1974).
Affirmed.
*676 HUBBART, Judge (concurring).
I concur in the court's opinion and judgment and would add that the police seizure of the gun from the defendant was a reasonable plain sight seizure of evidence within the meaning of the Fourth and Fourteenth Amendments to the United States Constitution and Article I, Section 12, of the Florida Constitution. (1) Officer Buhrmaster saw the gun in plain sight in the defendant's possession without benefit of a search; (2) Officer Buhrmaster had a right to be in the vacant hotel room and to observe from that location what the defendant was doing in the quasi-public hotel hallway outside the defendant's room; (3) Officer Buhrmaster had probable cause to believe that the gun was contraband or evidence of crime because it had been concealed on the defendant's person. Harris v. United States, 390 U.S. 234, 88 S.Ct. 992, 19 L.Ed.2d 1067 (1968); Sheff v. State, 329 So.2d 270 (Fla. 1976); Spinkellink v. State, 313 So.2d 666 (Fla. 1975); State v. Ashby, 245 So.2d 225 (Fla. 1971); State v. Parnell, 221 So.2d 129 (Fla. 1969).
The valid seizure of the gun gave the police probable cause to arrest the defendant for carrying a concealed firearm. The police were thereafter authorized to conduct a search of the defendant's person which revealed heroin. Such a search was reasonable under the above federal and state constitutional provisions because it was made incident to a lawful arrest. Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969); State v. Gustafson, 258 So.2d 1 (Fla. 1972).