PER CURIAM.
Appellant was convicted of possessing a short-barreled shotgun. He argues three points for reversal, two of which are without merit. The evidence was clear that the shotgun was operable or readily could be made operable. And appellant can hardly argue that he possessed the shotgun to protect his home when, in fact, the shotgun was found in the trunk of his car after the vehicle had been repossessed. Nor did *860 appellant contend he had registered the shotgun under federal law. See Rinzler v. Carson, 262 So.2d 661 (Fla.1972).
Appellant’s last point, however, justifies reversal. Thompson contends that the trial judge should have granted a motion for acquittal because the state failed to prove that the shotgun was not an antique weapon. He argues that proof of the shotgun’s age is an element of the crime and not, as the state urges, a defense to the possession charge.
Section 790.221(1), Florida Statutes (1977), provides as follows:
It is unlawful for any person to own or to have in his care, custody, possession, or control any short-barreled rifle, short-barreled shotgun or machine gun which is, or may readily be made operable; but this section shall not apply to antique firearms.
A general rule of statutory interpretation in Florida is that
. if there is an exception in the enacting clause, the party pleading must show that his adversary is not within the exception; but, if there be an exception in a subsequent clause, or subsequent statute, that is a matter of defense, and is to be shown by the other party.
Baeumel v. State, 26 Fla. 71, 7 So. 371, 372 (1890). The state argues that this general rule has been modified by what it calls a “better” rule that emphasizes legislative intent. The state cites State v. Buchman, 361 So.2d 692 (Fla.1978), in support of this proposition. Buchman, however, adheres to the rule of Baeumel. We hold, therefore, that the state was obligated to prove, as an element of the crime, that Thompson’s shotgun was not an antique.
In Baeumel, the defendant was convicted of unlicensed sale of intoxicating liquors. The eleventh section of the act under which he was charged provided an exception to the license requirement for druggists, and Baeumel argued the conviction should be reversed because the state failed to prove he was not a druggist. The Supreme Court, after stating the general rule above, upheld the conviction because the enacting clause of the statute contained no exception for druggists.
Similarly, in Buchman, the defendants were charged with sale of unregistered securities in violation of Chapter 517, Laws of Florida. They, too, argued that because Section 517.07 forbids sales of unregistered securities unless the securities or the transactions are exempt, an element of the offense must include non-existence of any exemption. Section 517.07, however, makes only general reference to exemptions; specific exemptions are listed in other sections of Chapter 517. The Supreme Court, choosing “to look to the legislative intent,” noted that Section 517.17 provides that an indictment or information need not negate any of the exemptions and that the burden of proof for establishing an exemption rests on the party seeking it. But the court also cited Baeumel in stating (at 694):
As a general rule, if there is an exception within the enacting clause defining a crime, the state must show that the defendant is not within the exception. [Footnote omitted.] But, if the exception is in a subsequent clause, or a subsequent statute, that is a matter of defense, to be shown by the defendant.
In short, the holding of Buchman in no way contradicts that of Baeumel.
The state attempts to buttress its argument regarding legislative intent by pointing out that the single sentence which constitutes Section 790.221(1) is separated by a semicolon between what the state terms the essential elements of the crime and the antique firearms exception. Without deciding whether that point might be valid in another situation, we note that the law as passed (Chapter 69-306, Laws of Florida) contained a comma rather than a semicolon. The statute has never been amended and not until the 1975 version of Florida Statutes was published did the semicolon appear. Presumably, a statutory reviser, wishing to provide a pause in an otherwise lengthy sentence, changed the comma to a semicolon. In any event, the state’s attempt to find legislative intent in a semicolon is vitiated by the statute’s original punctuation.
*861 The state also contends that the age of the weapon is not an essential element because Florida Standard Jury Instruction (Criminal) 2.07 excludes the question of antiquity from its recitation of essential elements of the crime. Standard instructions, however, do not necessarily state accurately the law of Florida. Standard Jury Instructions in Criminal Cases, 327 So.2d 6 (Fla.1976). We also note that the standard instruction does not include the weapon’s age as one of the possible defenses, so if the instruction were to be considered authoritative, the statutory reference to antique weapons would be mere surplusage. We do not believe it is.
We reverse, but in recognition that our decision has the effect of requiring modification of Florida Standard Jury Instructions in Criminal Cases — “Possession of Forbidden Firearms” — we certify the question decided on this appeal to the Florida Supreme Court as a matter of great public interest under Article V, Section 3(b)(3), Florida Constitution.
McCORD, LARRY G. SMITH and SHIVERS, JJ., concur.