PER CURIAM.
Defendant was convicted for (1) carrying a concealed firearm, (2) aggravated assault, and (3) obstructing or opposing a police officer. We reverse the concealed weapon conviction as a matter of law, and affirm the obstruction and assault convictions because they are supported by competent evidence.
In November of 1981, Belle Glade Officer John Smith was patrolling in a police cruiser when he saw defendant seemingly pointing a gun at a Mr, Fulton. In fact, the defendant was merely showing Fulton, his friend, an inoperative Crossman pellet gun. Officer Smith braked, got out of his cruiser, stood behind a parked vehicle with his gun aimed at defendant and ordered the defendant to drop his gun.
Defendant lowered the gun to his side so that it pointed downward and walked toward Officer Smith, yelling “it’s just a toy.” What happened next is a matter of sharp dispute. Defendant, as well as several witnesses, (all friends or employees of defendant), testified that the police officer grabbed the pellet gun and then severely beat the defendant. Officer Smith, on the other hand, told the jury that the defendant refused to surrender the pellet gun and assaulted the officer when he tried to take it. Smith further testified that during the scuffle the defendant pulled out a loaded .32 caliber pistol and threatened to kill him, forcing Smith to disarm the defendant. It is not disputed that after defendant was subdued, his .32 caliber pistol lay on the ground. The jury believed officer Smith and found the defendant guilty as charged.
It is clear from the record that the state conceded that the “entire incident occurred in the yard and driveway of the defendant’s home.” Under section 790.25(3)(n), Florida Statutes (1983), it is not unlawful for a person to possess firearms “at his home or place of business.” The state argues that the statute is inapplicable to this case because defendant had the .32 caliber pistol in his yard and driveway, not “at his home.”
We cannot agree. Under Florida law, the phrase “at his home or business” refers to an individual’s surrounding property as well as the buildings and structures situated thereon. See, e.g., Peoples v. State, 287 So.2d 63 (Fla.1973) (defendant sitting on a bench outside of his store); 1974 Op. Att’y Gen. Fla. 074-156 (May 21, 1974) (possessing a concealed firearm while on a sidewalk adjacent to one’s business). Similarly, defendant’s possession of the firearm while in his own yard qualifies for the statutory exception delineated in section 790.25(3)(n), and we therefore reverse his conviction for concealing a firearm.
*970 Defendant’s convictions for assault and obstruction must, however, be affirmed. There is competent, substantial evidence in the record which supports the jury’s verdict as to these two charges. Consequently, we are not in a position to reweigh the evidence and substitute our judgment for that of the jury. See McCloskey v. McCloskey, 359 So.2d 494 (Fla. 4th DCA 1978); DeHart v. DeHart, 360 So.2d 1285 (Fla. 2d DCA 1978).
Accordingly, we reverse defendant’s concealed weapon conviction but affirm his obstruction and assault convictions.
HERSEY, C.J., and DOWNEY and HURLEY, JJ., concur.