477 So.2d 557 (1985)
Jimmie Lee ALEXANDER, Petitioner,
v.
STATE of Florida, Respondent.
No. 65666.
Supreme Court of Florida.
October 10, 1985.
*558 Richard L. Jorandby, Public Defender, and Gary Caldwell and Dean Willbur, Asst. Public Defenders, Fifteenth Judicial Circuit, West Palm Beach, for petitioner.
Jim Smith, Atty. Gen., and Marlyn J. Altman and Sarah B. Mayer, Asst. Attys. Gen., West Palm Beach, for respondent.
Robert Dowlut, Washington, D.C., for National Rifle Association, amicus curiae.
ADKINS, Justice.
Petitioner appeals the Fourth District Court of Appeal's affirmance of the trial court's denial of his motion to dismiss. The district also held section 790.01(2), Florida Statutes (1981), to be constitutional. Alexander v. State, 450 So.2d 1212 (Fla. 4th DCA 1984). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
We hold that section 790.01(2), Florida Statutes (1981), as modified by sections 790.25(5) and 790.001(15) & (16), Florida Statutes (Supp. 1982), is not unconstitutional. However, on the facts of this case, we hold that the trial court erred in denying petitioner's motion to dismiss.
Petitioner was charged by information with carrying a concealed weapon in violation of section 790.01(2), Florida Statutes (1981). He moved to dismiss the charge, citing an exception to the prohibition against carrying a concealed weapon found in section 790.25(5), Florida Statutes (Supp. 1982). That section provides:
(5) POSSESSION IN PRIVATE CONVEYANCE.  Notwithstanding subsection (2), it is lawful and is not a violation of s. 790.01 to possess a concealed firearm or other weapon for self-defense or other lawful purpose within the interior of a private conveyance, without a license, if the firearm is securely encased or is otherwise not readily accessible for immediate use. Nothing herein contained prohibits the carrying of a legal firearm other than a handgun anywhere in a private conveyance when such firearm is being carried for lawful use. Nothing herein contained shall be construed to authorize the carrying of a concealed firearm or other weapon on the person. This subsection shall be liberally construed in favor of the lawful use, ownership, and possession of firearms and other weapons, including lawful self-defense as provided in s. 776.012.
Petitioner presents the following version of the facts leading up to his arrest. On September 7, 1982, petitioner, an employee of Wags, was sitting in the driver's seat of his car which was parked in the Wags parking lot. Police Officer Lerman asked petitioner for identification. In his sworn motion to dismiss petitioner asserted that when asked for the identification, petitioner opened his zippered pouch, looked inside it and was unable to find his identification, then zippered the pouch shut. On appeal to this Court, however, petitioner accepts the state's version of the facts as set forth in its traverse to the motion to dismiss as follows: When asked for identification petitioner said he had identification and began to unzip his black leather hand purse. He then stopped unzipping it, zipped it back up, and said he did not have his wallet or identification on his person at that time. *559 The resolution of the issues in this case do not turn on this particular aspect of the facts, however. What occurred afterward is agreed upon by both parties. Lerman became suspicious of a bulky object in the pouch. He took the pouch from petitioner, opened it, found a firearm inside and arrested petitioner for possession of a concealed firearm. Petitioner's wallet, driver's license, and other forms of identification were found in the purse.
In the trial court petitioner argued that his gun was in a zippered gun case and thus was "securely encased" within the meaning of 790.001(16), Florida Statutes (Supp. 1982). "Securely encased" is defined in that section as follows:
(16) "Securely encased" means encased in a glove compartment, whether or not locked; in a snapped holster; in a gun case, whether or not locked; in a zippered gun case; or in a closed box or container which requires a lid or cover to be opened for access.
The state argued that the object was a man's black leather hand purse and not a zippered gun case, pointing out that defendant's wallet, driver's license, and other forms of identification were later found inside.
The trial court denied petitioner's motion to dismiss, ruling that the bag was neither a zippered gun case nor a container that requires opening a cover or a lid for access and therefore was not securely encased. Petitioner pled nolo contendre, reserving the right to appeal the denial of his motion to dismiss. The trial court withheld adjudication and placed him on probation.
On appeal, petitioner argued that the trial court erred in denying his motion to dismiss and that section 790.01(2), Florida Statutes (1981), as refined in sections 790.25(5), Florida Statutes (Supp. 1982), and 790.001(15), Florida Statutes (Supp. 1982), is unconstitutional. The district court affirmed the denial of the motion to dismiss. Regarding the constitutional issue, the court held that the facial invalidity of a statute could be raised for the first time on appeal citing Trushin v. State, 425 So.2d 1126 (Fla. 1983). It concluded, however, that the statutes in question are not void for vagueness.
Petitioner argues that this statutory scheme violates the due process clause of the state and federal constitutions because it is not rationally related to a legitimate state purpose and because it is so vague that it does not give persons of ordinary intelligence fair notice of what is proscribed.
We have held that a statute is constitutional if it bears a reasonable relation to a permissible legislative objective and is not discriminatory, arbitrary, or oppressive. Lasky v. State Farm Insurance Co., 296 So.2d 9 (Fla. 1974). The legislature has declared that the objectives of Chapter 790 are "to promote firearms safety and to curb and prevent the use of firearms and other weapons in crime and by incompetent persons without prohibiting the lawful use in defense of life, home, and property, and the use by United States or state military organizations, and as otherwise now authorized by law, including the right to use and own firearms for target practice and markmanship on target practice ranges or other lawful places, and lawful hunting and other lawful purposes." § 790.25(1), Fla. Stat. (Supp. 1982). Certainly promoting firearms safety and crime prevention are permissible legislative objectives.
Next, we must determine if the means chosen in the statutes bear a reasonable relationship to those objectives. Section 790.01, Florida Statutes (1981), proscribes carrying a concealed weapon. An exception to that proscription is provided in section 790.25(5), Florida Statutes (Supp. 1982), which allows for carrying a concealed weapon in a private conveyance, if "the firearm is securely encased or not otherwise readily accessible for immediate use." "Securely encased" and "readily accessible for immediate use" are defined in the statutory scheme. See §§ 790.001(15), (16), Fla. Stat. (Supp. 1982). We agree with the state that by using the "or is otherwise" phrase the legislature clearly indicated *560 that the primary requirement is that the firearm not be "readily accessible for immediate use." The prohibition against carrying a concealed weapon that is readily accessible for immediate use is reasonably related to the legislative purposes of promoting firearms safety and preventing the use of firearms in crimes.
We likewise do not find that these statutes are void for vagueness.
The test of a statute insofar as vagueness is concerned is whether the language conveys sufficiently definite warning as to the proscribed conduct when measured by common understanding and practice... . "The constitutional requirement of definiteness is violated by a criminal statute that fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute. The underlying principle is that no man shall be held criminally responsible for conduct which he could not reasonably understand to be proscribed."
Zachary v. State, 269 So.2d 669, 670 (Fla. 1972) (citations and footnote omitted). The proscribed conduct in this statutory scheme is carrying a concealed weapon that is not securely encased or is readily accessible for immediate use. § 790.25(5), Fla. Stat. (Supp. 1982). Petitioner argues that section 790.001(16), Florida Statutes (Supp. 1982), is unconstitutionally vague because the term "gun case" is undefined. We do not agree.
As we point out below, a gun case can be of any type of receptacle for carrying a gun that makes the gun not readily accessible for immediate use. As long as the purposes of the statute are fulfilled, any further definitions are unnecessary.
We do agree with petitioner that his motion to dismiss should have been granted. His argument is that the firearm was in a zippered gun case, and therefore his carrying of it in his automobile was not in violation of the statute. The state counters that the pouch was not a zippered gun case, because it contained additional objects inside other than the gun. However, as the National Rifle Association points out in its amicus curiae brief, zippered gun cases are manufactured with room for carrying objects additional to the gun. Therefore, under the facts of this case, we hold that there was no dispute of fact, and as a matter of law, petitioner's pouch was a zippered gun case. This interpretation of the statute is consistent with its purposes, i.e., to promote firearms safety and to prevent crime. It would frustrate the intent of the legislature if we were to hold that the carrying of a firearm in a zippered pouch like petitioner's was proscribed by the statute, since it is no less readily accessible for immediate use.
In summary, section 790.01(2), Florida Statutes (1981), as well as sections 790.25(5), 790.001(15), (16), is constitutional. Petitioner's motion to dismiss should be granted. We remand to the district court with directions to further remand to the trial court for proceedings consistent with this opinion.
It is so ordered.
BOYD, C.J., and OVERTON, EHRLICH and SHAW, JJ., concur.
McDONALD, J., dissents.