BOARDMAN, EDWARD F., Associate Judge (Retired).
This case comes before us upon the trial court’s denial of the appellant’s motion to dismiss and the entry of a plea of nolo contendere. We affirm.
In January, 1985, an officer from the Dania Police Department went to the appellant, Larry Sherrod’s, home to execute a misdemeanor arrest warrant. The officer found the appellant standing with a group of people in the parking lot of his apartment complex, approximately twenty-five to thirty feet from the building in which he resided. The officer arrested the appellant. The appellant was carrying a concealed weapon at the time of his arrest.
The appellant was charged with carrying a concealed weapon in violation of section 790.25, Florida Statutes (1983). The appellant moved for dismissal on the ground that his conduct was not unlawful. The appellant argued that his conduct was within section 790.25(3)(n), Florida Statutes (Supp.1984), which provides that it is not unlawful for a person to possess firearms “at his home.” The trial court denied the motion to dismiss. The court reasoned that the appellant did not fall within this statutory exception because he was not on his own property nor was he on property to which he had the exclusive right of possession. The appellant then pled nolo conten-dere, and he reserved his right to appeal this issue.
The case law does not support the appellant’s contention that he fell within the statutory exception for carrying a weapon “at his home.” In McNair v. State, 354 So.2d 473 (Fla. 3d DCA 1978), the court held that the appellant was not “at his home” where he was thirty to thirty-five feet from his apartment. McNair, supra, at 473. In Brant v. State, 349 So.2d 674 (Fla. 3d DCA 1977), the court found inapplicable the statutory exception for carrying a weapon at home where the defendant was carrying a concealed weapon in the hallway of a hotel. Brant, supra, at 675. In Wilson v. State, 418 S.W.2d 687 (Tex.Crim.App.1967), the court held that a tenant was not on “his own premises” for purposes of Texas’ concealed weapons statute where he was on a driveway immediately adjacent to an apartment building. Wilson, 418 S.W.2d at 688. Other jurisdictions uniformly support the above holdings. See, e.g., White v. United States, 283 A.2d 21, 23-4 (D.C.App.1971); 57 A.L.R.3d 934.
The appellant relies on our recent decision in Collins v. State, 475 So.2d 968 (Fla. 4th DCA 1985). In Collins, we reversed the conviction of a defendant who was carrying a concealed weapon because we concluded that the “at his home” exception applied to the defendant’s driveway and *1281 yard. Appellant maintains that Collins supports his position that ownership and exclusivity of possession are irrelevant in determining whether the “at his home” exception in section 790.25(3)(n) applies. Collins does not stand for this proposition. A privately owned yard and driveway are areas where an owner can claim exclusive possession.
In Peoples v. State, 287 So.2d 63 (Fla.1973), the supreme court found the “at his home” exception in section 790.25(3)(n) applicable where the defendant was carrying a weapon near a bench in front of a store where the defendant worked and lived. Peoples is distinguishable because there the defendant was apprehending a burglar and because he also adduced testimony that the bench was on store property. Peoples, 287 So.2d at 65. We decline to extend the holding in Peoples to the parking lot of a multiple unit apartment dwelling. See 1974 Op.Att’y.Gen.Fla. 074-156 (May 21, 1974) (would not extend the 790.25(3)(n) “at his home” exception to a large parking lot which serves an entire shopping area).
The appellant also argues that the concealed weapons statute is unconstitutionally vague because it fails to set out what behavior is prohibited where it excludes from the operation of the concealed weapons statute one carrying weapons “at his home.” In Alexander v. State, 477 So.2d 557 (Fla.1985) (quoting Zachary v. State, 269 So.2d 669, 670 (Fla.1972)), the supreme court stated:
The test of a statute insofar as vagueness is concerned is whether the language conveys sufficiently definite warning as to the proscribed conduct when measured by common understanding and practice_“The constitutional requirement of definiteness is violated by a criminal statute that fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute. The underlying principle is that no man shall be held criminally responsible for conduct which he could not reasonably understand to be proscribed.”
Alexander, at 560. See Roth v. United States, 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1498 (1957), rehearing denied, Roth v. United States, 355 U.S. 853, 78 S.Ct. 8, 2 L.Ed.2d 60 (1957), rehearing denied, Alberts v. California, 355 U.S. 852, 78 S.Ct. 8, 2 L.Ed.2d 60 (1957), clarified by, Brockett v. Spokane Arcades, — U.S. -, 105 S.Ct. 2794, 86 L.Ed.2d 394 (1985).
In Alexander, supra, the supreme court upheld another exception to the concealed weapons statute on a vagueness challenge. The court held that the phrase “gun case,” as defined in section 790.001(16), Florida Statutes (Supp.1984), was not unconstitutionally vague. Alexander, supra, at 560. In Peoples v. State, supra, the court avoided a vagueness challenge to the “at his home” exception in subsection (3)(n) of section 790.25 by deciding the case on other grounds. Peoples, supra, at 66.
In State v. Buckner, 472 So.2d 1228 (Fla. 2d DCA 1985), the court entertained a vagueness challenge to section 232.02, Florida Statutes (1983). This statute provided, inter alia, that a child’s regular school attendance may be achieved “(4) At home with a private tutor....” The court noted that the statute would be vague only if one fails to attribute the common ordinary meaning to the terms “school” and “home.” Buckner, supra, at 1229. The court stated that a home is a private place, not accessible to the public. Buckner, at 1230. The court concluded that an ordinary person would not need to guess whether or not he complied with the “at home” provision of the statute. Id.[1]
Under the rationale of Alexander, supra, we conclude, as did the trial court, that the phrase “at his home” sufficiently apprises the ordinary person that this exception does not permit an individual to *1282 carry a concealed weapon in the parking lot of a multi-unit apartment building. Like the court in Buckner, supra, we find that the phrase “at his home” connotes a private place. When a person carries a readily accessible, concealed weapon in a public parking lot, he greatly increases the likelihood that the weapon will ultimately be used against his fellow citizens. It would be unreasonable for a person to assume that the legislature did not intend to address this danger in the concealed weapons statute. Thus, we hold that the legislature’s failure to define the phrase “at his home” in section 790.25(3)(n) does not render the statute unconstitutionally vague as applied to the facts in the present ease. Given the circumstances here, the appellant should reasonably have understood that his conduct was proscribed.
AFFIRMED.
GLICKSTEIN, J., and HURLEY, DANIEL T.K., Associate Judge, concur.

. Judge Lehan dissented in Buckner, but his analysis is not applicable in the present case. He concluded that "the words ... which relate to ... private tutors at home, viewed in isolation, seem to be sufficiently susceptible of common understanding." Buckner, supra, at 1234.