ZEHMER, Judge.
Jerry Sunday appeals his conviction of possessing a short-barreled shotgun in violation of section 790.221, Florida Statutes (1987), contending that the evidence was insufficient to establish a prima facie case. He admits that the barrel was under 18 inches in length and met the statutory definition of a short-barreled shotgun in section 790.001(10), but argues that he possessed the weapon at his home and such possession is made lawful by the exception in section 790.25(3)(n), Florida Statutes (1987), which applies to a person possessing arms at his home or place of business.
We find no merit in appellant’s argument and affirm his conviction. Section 790.25(3)(n) applies only to offenses involving the application of section 790.053 (prohibiting persons from openly carrying firearms about their persons) and section 790.-06 (dealing with the right of duly licensed persons to carry concealed weapons). The state is empowered to make illegal possessing or carrying certain types of weapons altogether, for example, firearms ordinarily used for criminal purposes such as the machine guns and short-barreled shotguns prohibited by section 790.221. Rinzler v. Carson, 262 So.2d 661 (Fla.1972) (“Although the Legislature may not entirely prohibit the right of the people to keep and bear arms, it can determine that certain arms or weapons may not be kept or borne by the citizen.” 262 So.2d at 665); see also Robarge v. State, 432 So.2d 669 (Fla. 5th DCA 1983), aff’d 450 So.2d 855 (Fla.1984). Because section 790.25(3) indicates no legislative intent that its exceptions apply to the offense under section 790.221, we find no error in the ruling of the trial court.
The cases cited by appellant are distinguishable. Peoples v. State, 287 So.2d 63 (Fla.1973), and Collins v. State, 475 So.2d 968 (Fla. 4th DCA 1985), rev. denied, 486 So.2d 595 (Fla.1986), involved the application of the exception under 790.25(3)(n) to the concealed weapons prohibition under section 790.06, Florida Statutes (1987). This court’s decision in Thompson v. State, 378 So.2d 859 (Fla. 1st DCA 1979), also, cited by appellant, was quashed by the supreme court in State v. Thompson, 390 So.2d 715 (Fla.1980), not cited by appellant, and did not involve the issue now before us.
AFFIRMED.
SHIVERS and BARFIELD, JJ., concur.