CAMPBELL, Chief Judge.
Appellant appeals the judgment and sentence resulting from his nolo contendere plea to the charge of carrying a concealed firearm in violation of section 790.01(2), Florida Statutes (1987). Appellant entered his nolo plea after the court denied his motion to suppress and his motion to dismiss. In entering his plea, appellant specifically reserved his right to appeal the denial of his motions which the appellee, State of Florida, had agreed were disposi-tive.
While we agree that any error in not suppressing the fruits of the search of appellant would be dispositive of the case against him, we are considerably less convinced that the disposition of appellant’s motion to dismiss is similarly dispositive. Appellant filed his motion to dismiss on the grounds that the firearm was not concealed and was not “on or about his person” as required by sections 790.01 and 790.001(2), Florida Statutes (1987). Our supreme court in Ensor v. State, 403 So.2d 349 (Fla.1981), has clearly stated that the determination of whether a firearm is concealed, and the inextricably linked question of whether a firearm, if concealed, is “on or about the person,” is the ultimate question in the prosecution of such a case and “must rest upon the trier of fact under the circumstances of each case.” Id. at 355. As such, it is not susceptible to a motion to dismiss. Nevertheless, the disposition of appellant’s motion to suppress being clearly dispositive, we have jurisdiction, address both issues and affirm the trial court’s rulings.
The undisputed facts show that on November 20,1987, appellant was at the Lee County airport preparing to board a commercial airline flight. As he passed through the security checkpoint in preparation for boarding the flight, the x-ray device for examining carry-on baggage detected an unidentifiable dark, suspicious, metal object in appellant’s carry-on bag. Appellant was asked to wait while the security officer operating the x-ray device summoned the airport police. The airport police also could not identify the object in appellant’s bag. Appellant was escorted to a police interview room and asked what was in his bag. Appellant replied that it contained a gun. The officers then opened appellant’s carry-on bag and found in a plaid pouch under newspapers and other papers in the bottom of the bag, a fully loaded Walther 7.65 mm. semiautomatic pistol together with an extra loaded clip. We conclude that in the context of a passenger who voluntarily presents himself with carry-on baggage at an airport security checkpoint in preparation of boarding a commercial airline flight, police officers having probable cause to believe that such a passenger is carrying a firearm in such carry-on baggage may search the baggage for the suspected firearm. Oishi v. State, 400 So.2d 480 (Fla. 5th DCA 1981); United States v. Lopez-Pages, 767 F.2d 776 (11th Cir.1985); United States v. Herzbrun, 723 *221 F.2d 773 (11th Cir.1984). In this case, appellant told the officers prior to the search that his bag contained a gun. We therefore affirm the trial court’s denial of appellant’s motion to suppress.
We next turn to the issue of whether appellant’s carrying of the concealed firearm was such that the trier of fact could find that it was “on or about his person” so as to be in violation of section 790.01(2). The Ensor court held that “[t]he term ‘on or about the person’ means physically on the person or readily accessible to him.” Ensor, 403 So.2d at 354. Again, in the context of a commercial airline passenger carrying a firearm in baggage which the passenger has in his personal possession as he is boarding the plane, we conclude that the trier of fact could find that the firearm is readily accessible to such a passenger.
Appellant attempts to rely upon Alexander v. State, 477 So.2d 557 (Fla.1985), and its holdings, for support of his position that his firearm could not have been found to have been “readily accessible” to him while contained in a pouch in his carry-on baggage. We consider Alexander inapposite as it dealt with the meaning and interpretation to be given to section 790.25(5), Florida Statutes (Supp.1982), a specifically enacted legislative exception to the prohibitions of section 790.01(2). Appellant attempts unsuccessfully to extend the Alexander interpretation of the legislative intent behind the section 790.25(5) exception to the basic prohibitions of section 790.01(2) itself.
The fallacy of appellant’s reasoning more clearly appears when we consider carefully what the legislature did and did not do by enacting section 790.25(5). Section 790.-25(5) was obviously intended to create a new exception to the prohibitions of section 790.01. The legislature named the new exception, “Possession In Private Conveyance.” Therefore, first of all, the exception is very specifically and clearly limited to private conveyances. It follows that appellant, in boarding a commercial airline flight, would not be entitled to the exception.
In addition, the Alexander court specifically found that the legislative use of the phrase “or is otherwise not readily accessible for immediate use” in reference to a firearm carried in a private conveyance indicates a legislative intent “that the primary requirement [for the exemption to apply] is that the firearm not be ‘readily accessible for immediate use.’ ” Alexander, 477 So.2d at 559, 560. Under the Ensor requirement that the trier of fact determine whether the proscriptions of chapter 790 are violated according to the circumstances of each case, even a person in a private conveyance could be found guilty of carrying a concealed weapon under section 790.01 if it was securely encased but was found by the trier of fact to be readily accessible for immediate use. The exception in section 790.25(5) seems to be directed at the possession of a securely encased and not readily accessible concealed firearm. Section 790.25(5) contains a specific proviso that the exception does not “authorize the carrying of a concealed firearm or other weapon on the person.” The exception then seems meant not to apply to the carrying of a securely encased but readily accessible concealed firearm in a private conveyance. We are not required, however, to resolve that problem as we are concerned with appellant’s carrying a concealed weapon (whether or not securely encased) on a commercial airline flight which the trier of fact could have determined was readily accessible. The exception discussed in Alexander clearly does not apply.
We affirm.
SCHEB and THREADGILL, JJ., concur.