580 So.2d 885 (1991)
Daniel Arita AMAYA, Appellant,
v.
STATE of Florida, Appellee.
No. 90-01163.
District Court of Appeal of Florida, Second District.
June 7, 1991.
Ben Kay of Ben Kay, P.A., Sarasota, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellee.
*886 PER CURIAM.
We reverse the trial court's denial of defendant's motion to dismiss and defendant's sentence of probation in this prosecution for carrying a concealed weapon in violation of section 790.01(2), Florida Statutes (1987).
Defendant contends that the conduct with which he was charged falls within the exception created by section 790.25(5) that "it is lawful ... to possess a concealed firearm ... within the interior of a private conveyance, without a license, if the firearm ... is ... not readily accessible for immediate use." He argues that because, while the firearm was concealed under the passenger seat, its clip and bullets were lying separately in open view upon the seat, the firearm was not "readily accessible for immediate use."
We must agree with that contention. We cannot agree with the state's argument that the statutory exception was not applicable because a firearm need not be operable in order to be accessible for immediate use, e.g., for use in pointing it at someone in a threatening manner. Section 790.25(5), we conclude, contemplates an operable firearm. In reaching this conclusion we are persuaded by that section's additional language that "[t]his subsection shall be liberally construed in favor of ... lawful use... ." We also cannot agree with the state's argument that the statutory exception was not applicable because the firearm could have been loaded and become operable. That exception requires that the firearm be "readily accessible for immediate use." (Emphasis added.)
Reversed and remanded for entry of judgment of acquittal.
SCHEB, A.C.J., and LEHAN and HALL, JJ., concur.