PER CURIAM.
Kenneth Coronel Smith was charged and convicted by a jury with carrying a concealed firearm[1] and with improperly exhibiting a firearm.[2] He appeals the trial court’s denial of his motion for directed verdict on the concealed firearm charge based upon the uncontroverted evidence that the firearm in his automobile was unloaded and thus not “readily accessible for immediate use.”[3] We agree and reverse. See Amaya v. State, 580 So.2d 885 (Fla. 2d DCA 1991). We note express conflict with State v. Ashley, 601 So.2d 1230 (Fla. 4th DCA 1992) and agree with Judge Dell that the Ashley majority “has ignored the legislature’s directive that ‘[tjhis subsection [790.25(5)] shall be liberally construed in favor of the lawful use, ownership, and possession of firearms_’ § 790.25(5), Fla.Stat. (1989).” Id. at 1232.
REVERSED and REMANDED.
GOSHORN, C.J., and COBB, J., concur.
W. SHARP, J., dissents with opinion.

. § 790.01(2), Fla.Stat. (1991).

. § 790.10, Fla.Stat. (1991).

. Section 790.25(5), Florida Statutes (1991), provides in pertinent part:
[I]t is lawful and is not a violation of s. 790.01 to possess a concealed firearm ... for self-defense or other lawful purpose within the interior of a private conveyance, ... if the firearm ... is securely encased or is otherwise not readily accessible for immediate use. [Emphasis added].