PER CURIAM.
Appellant, John Dima, pled nolo conten-dere to one count of carrying a concealed firearm, reserving the right to appeal the denial of his motion to dismiss. Dima was charged after a dispute arose in the Coral Square Mall and the police were called to the scene. Officer Alan Brodsky was advised that a firearm was possibly involved in the skirmish, and he approached Dima asking him what was contained in the twelve inch (12") by nine inch (9") zippered leather pouch Dima was carrying. Dima replied that a gun was inside the bag, and admitted that he did not have a concealed weapons permit.
In his motion to dismiss, Dima alleged that his case was controlled by Alexander v. State, 477 So.2d 557 (Fla.1985), where the court concluded that a firearm found in the defendant’s automobile, contained in a zippered hand purse along with the defendant’s wallet, driver’s license, and other forms of identification, was securely encased in a gun case such that the defen *481 dant’s prosecution for carrying a concealed firearm was precluded pursuant to section 790.25(5). Dima argues that his firearm was securely encased in a gun case and was not readily accessible for immediate use.
Dima’s reliance upon Alexander is misplaced, as that case concerned section 790.-25(5), Florida Statutes, which allows the possession of a concealed firearm or other weapon for self-defense or other lawful purpose within the interior of a private conveyance, without a license, if the firearm “is securely encased or is otherwise not readily accessible for immediate use.” Section 790.25(5) further provides: “Nothing herein contained shall be construed to authorize the carrying of a concealed firearm or other weapon on the person.” No conveyance was involved in the incident which led to Dima’s arrest, and it is undisputed that Dima carried the firearm in a zippered leather pouch on his person. Therefore the trial court correctly concluded that Alexander should not be applied to the facts of the instant case.
AFFIRMED.
DELL, WARNER and POLEN, JJ., concur.