OVERTON, Justice.
We have for review State v. Ridley, 602 So.2d 616 (Fla. 4th DCA 1992), based on conflict with Amaya v. State, 580 So.2d 885 (Fla. 2d DCA 1991), disapproved by Ashley v. State, 606 So.2d 1164 (Fla.1993). We have jurisdiction pursuant to article V, section 3(b)(3), of the Florida Constitution.
The facts reflect that Ridley, after being lawfully stopped by police officers, was charged with carrying a concealed weapon in violation of section 790.01(2), Florida Statutes (1991). The concealed weapon, a gun, was found under the driver’s seat, and ammunition for the gun and a fully loaded clip were found under the passenger’s seat. The trial court found that the unloaded firearm was not “readily accessible for immediate use” for purposes of securing a conviction under section 790.01(2) and dismissed the charge against Ridley. On appeal, the Fourth District Court reversed the trial court’s decision, relying on State v. Ashley, 601 So.2d 1230 (Fla. 4th DCA 1992), quashed, 619 So.2d 294 (Fla.1993). Given our decision in Ashley, we disapprove the district court’s opinion in this case to the extent it relied on the Fourth District’s decision in Ashley. Nevertheless, we approve the result of the district court’s decision in this case because we find the facts in this case to be closer to those in Amaya, which we disapproved in our Ashley decision.
In Amaya, the firearm was concealed under the passenger’s seat and its clips and bullets were lying separately in open view on the passenger’s seat. In reviewing the Amaya decision in Ashley, we determined that the location and accessibility of the firearm and ammunition in Amaya made the firearm “readily accessible for immediate use.” Like the facts in Amaya, the location and accessibility of the firearm and ammunition in the instant case made the firearm “readily accessible for immediate use” for purposes of securing a conviction under section 790.01(2).
Accordingly, we disapprove the opinion of the district court in Ridley to the extent it relied on Ashley, but, for the reasons *410 expressed, we approve the result of the decision in Ridley.
It is so ordered.
BARKETT, C.J., and McDONALD, SHAW, GRIMES and HARDING, JJ., concur.
KOGAN, J., dissents with an opinion.