PETERSON, Judge.
Charles James Osby pleaded .nolo conten-dere to the charges against him and reserved the right to appeal. He contends on appeal that the court erred in denying his Florida Rules of Criminal Procedure 3.190(c)(4) motion to dismiss a charge of carrying a concealed firearm in violation of section 790.01, Florida Statutes. An unloaded handgun was found in Osby’s automobile when he was stopped' by a deputy sheriff for a traffic violation. The (c)(4) motion alleged that ammunition compatible with the handgun was found in the vehicle, but the motion did not state where in the vehicle the ammunition was found and no one volunteered the information to the trial court during the hearing on the motion.
Osby argues that it was the duty of the state to disclose where the ammunition was found so that the trial court could determine whether the location of the handgun and ammunition were close enough in proximity to be considered a firearm in light of the opinion in Ashley v. State, 619 So.2d 294 (Fla.1993). We disagree. The burden of persuasion on a motion to dismiss does not shift to the state until a defendant files a motion sufficient to show that the state cannot establish a prima facie case. State v. Purvis, 560 So.2d 1296 (Fla. 5th DCA 1990).
In Ashley, the supreme court specifically held “that the issue of whether the presence of ammunition in a vehicle takes a firearm out of the exception in section 790-25(5) must be determined factually on a ease-by-case basis.” 619 So.2d at 296. In doing so, the court reversed Amaya v. State, 580 So .2d 885 (Fla. 2d DCA 1991), in which the second district held that an unloaded firearm carried under the seat of an automobile is not a concealed firearm even though ammunition for it is located on the passenger’s seat of the automobile. In reversing, *658 the supreme court said, “[i]f the ammunition had not been so easily accessible, we might have reached a different conclusion.” 619 So.2d at 296.
Osby’s motion was filed and heard prior to the time the supreme court reversed Amaya. In the motion he alleged that the weapon was not readily accessible while admitting that the compatible ammunition was found in the vehicle. Osby should have alleged the specific location of the ammunition in the automobile so that the trial court could rule on whether a lack of proximity of both the firearm and ammunition precluded a finding that the firearm was readily accessible for immediate use. The order denying the motion to dismiss was proper and we affirm.
AFFIRMED.
GOSHORN and DIAMANTIS, JJ., concur.