636 So.2d 584 (1994)
Charles BOSWINK, Appellant,
v.
STATE of Florida, Appellee.
No. 92-03527.
District Court of Appeal of Florida, Second District.
May 13, 1994.
*585 James Marion Moorman, Public Defender, and Robert D. Rosen, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Erica M. Raffel, Asst. Atty. Gen., Tampa, for appellee.
FRANK, Chief Judge.
Charles Boswink, after a nolo plea, has appealed the reserved question of whether the trial court erred in denying his motion to dismiss charges of carrying concealed weapons in violation of section 790.01, Florida Statutes (1991). The case stemmed from a rifle and a shotgun Boswink was carrying in his truck at the time of his arrest. The rifle was 44 inches long, the shotgun was 28 inches long, and both were partially enclosed in a professionally made gun case attached to the back of the truck's seat cover. The butt ends of the guns were visible when the driver's door was opened. The distance between the seat and the driver's door was eight inches.
Boswink claimed that his possession of the firearms in his truck was lawful because, under section 790.25(5), Florida Statutes (1991), a person can legally carry a concealed firearm in a private conveyance, without a license, if the weapon is "securely encased or is otherwise not readily accessible for immediate use." Section 790.001(15), Florida Statutes (1991), defines "readily accessible for immediate use" as "a firearm or other weapon [that] is carried on the person or within such close proximity and in such a manner that it can be retrieved and used as easily and quickly as if carried on the person." Cases deciding whether the particular firearm at issue comes within the definition of "readily accessible" are intensely "fact specific." See Ashley v. State, 619 So.2d 294 (Fla. 1993). The trial court, unable to fit this situation within a precedential fact pattern, decided that it was up to the jury to decide whether the guns were "readily accessible."
Contrary to the trial court's view, the undisputed facts imposed upon it the task of deciding as a matter of law whether the guns were "readily accessible." Because of the length of the weapons and their position behind the driver's seat, Boswink could only retrieve the guns by opening the door and awkwardly reaching behind the seat. In all probability, he could not accomplish the feat without actually exiting the truck. As a matter of law, the guns could not have been retrieved "as easily and quickly as if carried on the person," and Boswink's possession of them in his truck was not illegal. Accordingly, we reverse the trial court's order and remand for the entry of an order dismissing the firearms charges.
PARKER and LAZZARA, JJ., concur.