979 So.2d 1048 (2008)
Daniel J. DOUGHTY, Appellant,
v.
STATE of Florida, Appellee.
No. 4D07-781.
District Court of Appeal of Florida, Fourth District.
March 19, 2008.
Rehearing Denied May 19, 2008.
*1049 Carey Haughwout, Public Defender, and Tatjana Ostapoff, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Myra J. Fried, Assistant Attorney General, West Palm Beach, for appellee.
STEVENSON, J.
In this case, we consider whether the private conveyance exception of section 790.25, Florida Statutes, permits the unlicensed carrying of a concealed firearm or other weapon in a zippered pack around the waist while riding a motorcycle. We conclude that it does not.
On April 13, 2006, there was a near traffic collision between a motorcycle driven by Doughty and an unmarked car occupied by three off-duty, out-of-state law enforcement officers. Doughty pulled up beside the car and said something to the effect of, "you almost ran me over," to which one of the officers responded, "you should not be driving in between traffic." The officers engaged in a verbal argument with Doughty until Doughty stated, "I have a gun, I'll kill you." He then lifted his shirt, reached into a leather pack that was around his waist, and grabbed what the officers believed was a weapon. The officers quickly exited the vehicle with their guns drawn, announced that they were police, and ordered Doughty to the ground. Doughty attempted to flee, but one of the officers pursued and handcuffed him. By the time the local police arrived, the officers had recovered a loaded .40 caliber Smith & Wesson handgun from Doughty's waist pack.
Doughty was charged with carrying a concealed firearm without a permit, in violation of section 790.01(2), Florida Statutes (2006), which provides that "[a] person who carries a concealed firearm on or about his or her person commits a felony of the third degree."
Doughty moved to dismiss on the ground that his conduct fell within the private conveyance exception in section 790.25(3)(l), Florida Statutes (2006), which provides that it is lawful for a person to carry a concealed firearm without a license, if that person is "traveling by private conveyance when the weapon is securely encased." The legislature detailed the private conveyance exception in section 790.25(5), which permits the carrying of a concealed weapon "within the interior of a private conveyance, without a license, if the firearm or other weapon is securely encased or is otherwise not readily accessible for immediate use." Section 790.25(5) further provides, "[n]othing herein contained shall be construed to authorize the carrying of a concealed firearm or other weapon on the person." (Emphasis added).
We acknowledge that pursuant to the supreme court's holding in Alexander v. *1050 State, 477 So.2d 557, 560 (Fla.1985), the handgun was "securely encased" in Doughty's zippered pack. Yet, pursuant to the unambiguous language of section 790.25(5), even a securely encased weapon does not fall under the private conveyance exception if it is carried "on the person." See Gemmill v. State, 657 So.2d 900, 902 (Fla. 4th DCA 1995). In Gemmill, the defendant was carrying a concealed weapon on his waist in a securely encased zippered pack, inside an automobile. We recognized that "section 790.25 specifically provides that the securely encased exception does not legalize the carrying of a concealed weapon on the person." Id.
Our holding in Gemmill is no less applicable where a defendant is riding a motorcycle. In this regard, we further note that the private conveyance exception of section 790.25(5), by its express terms, applies only to the carrying of a concealed weapon "within the interior of a private conveyance." We interpret this language to require a person carrying a concealed weapon without a permit, while riding a motorcycle, to keep the concealed weapon securely encased and in an interior compartment of the motorcycle.
Under the facts presented, Doughty did not meet the statutory requirements of the private conveyance exception because, albeit he was traveling in a private conveyance and his firearm was securely encased, he was carrying the firearm on his person and did not have it within an interior compartment of his motorcycle. We therefore affirm the trial court's denial of Doughty's motion to dismiss.
Affirmed.
STONE and TAYLOR, JJ., concur.