DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

STATE OF FLORIDA,

Appellant,

v.

JONATHAN VALLEY,

Appellee.

No. 2D22-4133

_____

January 19, 2024

Appeal from the Circuit Court for Hillsborough County; Lyann Goudie, Judge.

Ashley Moody, Attorney General, Tallahassee; Michael W. Mervine, Senior Assistant Attorney General; and Laura Dempsey, Assistant Attorney General (substituted as counsel of record), Tampa, for Appellant.

E. Michael Isaak of Isaak Law, PLLC, Tampa, for Appellee.

KELLY, Judge.

In June 2022, Jonathan Valley was arrested for carrying a concealed firearm in violation of section 790.01(2), Florida Statutes (2022). Valley filed a motion to dismiss arguing that under section 790.25(5), he was permitted to possess the concealed firearm because it

had been securely encased within a private conveyance. The trial court agreed and dismissed the charge against Valley. The State appeals.

Valley was pulled over by police officers for a traffic infraction. When the officers approached the car, they observed a handgun in the car's glove box and smelled the odor of burnt marijuana. They asked Valley to get out of the car. Valley was wearing a crossbody pack over his shoulder and chest that was zipped closed. When the officers removed the pack and searched it, they discovered a loaded handgun. They arrested Valley for carrying a concealed firearm.

Section 790.01(2) makes it a crime to carry a concealed firearm on or about the person. However, section 790.25(5)[1] provides an exception to section 790.01(2) and states, in pertinent part:

> **Possession in private conveyance**.--Notwithstanding subsection (2), it is lawful and is not a violation of s. 790.01 for a person 18 years of age or older to possess a concealed firearm or other weapon for self-defense or other lawful purpose within the interior of a private conveyance, without a license, if the firearm or other weapon is securely encased or is otherwise not readily accessible for immediate use. Nothing herein contained prohibits the carrying of a legal firearm other than a handgun anywhere in a private conveyance when such firearm is being carried for a lawful use. Nothing herein contained shall be construed to authorize the carrying of a concealed firearm or other weapon on the person. This subsection shall be liberally construed in favor of the lawful use, ownership, and possession of firearms and other weapons, including lawful self-defense as provided in s. 776.012.

On appeal, the State argues that the trial court's dismissal was error because it overlooked the sentence in section 790.25(5) that states

_____

[1] Pursuant to a 2023 amendment, subsection (5) has been renumbered subsection (4).

that nothing in subsection (5) "shall be construed to authorize the carrying of a concealed firearm . . . on the person." We agree that the trial court erred.

The trial court adopted Valley's argument that as long as the firearm was securely encased, he could lawfully *possess* it anywhere in the vehicle—even on his person—because the statute does not limit the exception to constructive possession. This interpretation is inconsistent with the plain language of section 790.25(5), which expressly limits the right to possess a firearm in a vehicle to those that are either securely encased or not otherwise available for immediate use and not carried on the person. Further, it ignores the directive in subsection (5) that it should not be construed in the manner suggested by Valley—that is to allow possession on the person. *See Doughty v. State*, 979 So. 2d 1048, 1050 (Fla. 4th DCA 2008) ("[P]ursuant to the unambiguous language of section 790.25(5), even a securely encased weapon does not fall under the private conveyance exception if it is carried 'on the person.' "); *Gemmill v. State*, 657 So. 2d 900, 902 (Fla. 4th DCA 1995) ("[S]ection 790.25 specifically provides that the securely encased exception does not legalize the carrying of a concealed weapon on the person."). Accordingly, we reverse the order dismissing the information and remand for further proceedings.

Reversed and remanded for further proceedings.

SILBERMAN and SMITH, JJ., Concur.

_____

Opinion subject to revision prior to official publication.